PEOPLE v JOHNSON

PEOPLE v TAVOLACCI

Docket Nos. 62147, 62854. Argued March 4, 1980 (Calendar Nos. 1, 2).
—Decided March 30, 1981. Rehearing denied *post*, 1155.

Walter Johnson was convicted on his plea of guilty in Recorder's Court of Detroit, Samuel H. Olsen, J., of armed robbery and possessing a firearm while committing or attempting to commit a felony. The defendant testified that he took money from the cash register of a bar in Detroit while his codefendant Edgar Johnson kept the patrons at bay with a .38-caliber revolver. The Court of Appeals, Beasley and Mahinske, JJ. (N. J. Kaufman, P.J., dissenting), reversed as to Walter Johnson's conviction of the felony-firearm charge on the ground that there was an insufficient factual basis for it (Docket Nos. 77-2389, 77-2398). The people appeal.

Timothy R. Tavolacci was convicted on his plea of guilty in Livingston Circuit Court, Bert M. Hensick, J., of assault with intent to do great bodily harm and possessing a firearm while committing or attempting to commit a felony. The defendant testified that he had been a party to a plan to kill an undercover narcotics officer. The defendant, using the pretense of making a deal for drugs, arranged to have the narcotics officer come to a pool hall in Howell to meet Randy Harmon and Frederick Budziak, who then drove the narcotics officer to a field near Oak Grove. Budziak pointed a shotgun at the narcotics officer, who was able to disarm him so that the plan failed. The defendant remained in Howell during the attempt to kill the narcotics officer. The Court of Appeals, Cynar, P.J., and R. B. Burns and Breighner, JJ., affirmed the convictions, holding that the defendant was guilty as aiding and abetting the felony-firearm offense (Docket No. 78-1177). Defendant appeals. *Held*:

1. The defendants in these appeals did not personally possess a firearm during the commission of the felonies. A defendant

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 21 Am Jur 2d, Criminal Law §§ 115, 122, 124.
[2] 21 Am Jur 2d, Criminal Law §§ 131, 132.

may be guilty of violating the felony-firearm statute, notwithstanding the lack of personal possession of the firearm, if he is shown to have aided and abetted another person who has such possession. Because in a felony-firearm prosecution the possession of the firearm is a distinct crime from the underlying felony, the aiding and abetting charge must be established in each crime to support conviction of each one.

2. To convict one of aiding and abetting the commission of a separately charged crime of carrying or having a firearm in possession during the commission of a felony, it must be established that the defendant procured, counselled, aided, or abetted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained. In neither of these cases does the record show that the defendant assisted the accomplice to obtain or retain possession of the firearm which the accomplice possessed during the commission of the felony.

3. Accordingly, the cases are remanded to the trial courts. The prosecutors shall be given an opportunity to establish the necessary assistance by the defendants.

The decision of the Court of Appeals is modified as to defendant Johnson and reversed as to defendant Tavolacci.

85 Mich App 654; 272 NW2d 605 (1978) modified.

88 Mich App 470; 276 NW2d 919 (1979) reversed.

1. WEAPONS — FIREARMS — FELONY — AIDING AND ABETTING.

A defendant may be guilty of violating the felony-firearm statute, notwithstanding the lack of personal possession of the firearm, if he is shown to have aided and abetted another person who had such possession (MCL 750.227b, 767.39; MSA 28.424[2], 28.979).

2. WEAPONS — FIREARMS — FELONY — AIDING AND ABETTING.

Possession of a firearm while committing or attempting to commit a felony is a separate crime from the underlying felony; therefore, where the defendant is charged in a felony-firearm prosecution as aiding and abetting another person, the aiding and abetting must be established in each crime to support conviction of each one (MCL 750.227b, 767.39; MSA 28.424[2], 28.979).

3. CRIMINAL LAW — AIDING AND ABETTING — POSSESSION.

To convict a defendant of aiding and abetting the commission of a separately charged crime of carrying or having a firearm in possession during the commission of a felony, it must be established that the defendant procured, counselled, aided, or abet-

ted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained (MCL 767.39; MSA 28.979).

*Frank J. Kelley,* Attorney General, and *Robert A. Derengoski,* Solicitor General, for the people.

*William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Andrea Solak,* Assistant Prosecuting Attorney, for the people in *Johnson.*

*Frank R. Del Vero,* Prosecuting Attorney, and *Thomas C. Nelson,* Assistant Attorney General, for the people in *Tavolacci.*

*Raymond L. Miller* and *Michael P. Hubbarth* for defendant Johnson.

*J. David Reck, P.C.,* for defendant Tavolacci.

KAVANAGH, J.

### PEOPLE V WALTER JOHNSON

Defendant Walter Johnson and codefendant Edgar Johnson held up a bar in the City of Detroit. Defendant Walter Johnson took money from the cash register while his codefendant kept the patrons at bay with a revolver. The defendants left the bar and divided the money.

On March 7, 1977 defendant Walter Johnson entered a plea of guilty as charged to the offenses of robbery armed, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of or attempt to commit a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to not less than 25 nor more than 75 years on the armed-

robbery count and the mandatory 2-year imprisonment on the felony-firearm count.

## PEOPLE V TAVOLACCI

Defendant Timothy Tavolacci had agreed to bring Jack McAleer, an undercover officer from the Washtenaw Area Narcotics Team, to a pool hall in Howell, Michigan, under the pretense of making a drug deal. According to the plan defendant was to introduce McAleer to Randy Harmon and Frederick Budziak who were to take him to a remote field and kill him. On May 17, 1977, defendant brought McAleer to the pool hall and introduced him to Harmon and Budziak. McAleer, Harmon and Budziak drove to a field outside of Oak Grove in Cohoctah Township, Livingston County. Budziak took a shotgun out of the trunk of the car and pointed it at McAleer. McAleer was able to disarm Budziak and the plan failed. Defendant remained in the pool hall during this time and eventually went to the home of a friend where he later received word of the frustrated attempt.

Defendant pled guilty of assault with intent to do great bodily harm less than murder, MCL 750.84; MSA 28.279, and to possession of a firearm during the commission of or attempt to commit a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to a term of imprisonment of not less than four nor more than ten years on the assault charge and a mandatory two-year term of imprisonment on the felony-firearm charge.

In the instant cases the defendants did not personally possess a firearm during the commission of the felonies. On appeal the prosecutors have contended that a defendant may be guilty of violating MCL 750.227b, notwithstanding the lack of actual personal possession, if he is shown to

have aided and abetted another who has such possession.

Because in a felony-firearm prosecution the possession of the firearm is a distinct crime from the underlying felony, *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), the aiding and abetting charge must be established in each to support conviction of each.

To convict one of aiding and abetting the commission of a separately charged crime of carrying or having a firearm in one's possession during the commission of a felony, it must be established that the defendant procured, counselled, aided, or abetted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained. See *People v Doemer,* 35 Mich App 149; 192 NW2d 330 (1971); *People v Francis,* 71 Cal 2d 66; 450 P2d 591; 75 Cal Rptr 199 (1969).

In neither of the instant cases does the record show that the defendant assisted the accomplice to obtain or retain possession of the firearm which the accomplice possessed during the commission of the felony.

Accordingly, we remand these cases to the trial courts. On remand the prosecutor shall be given an opportunity to establish that the defendant procured, counselled, aided or abetted and so assisted the accomplice to obtain or retain possession of the firearm which the accomplice possessed during the commission of the felony. If the prosecutor is able to do so and there is no contrary evidence, the judgments of conviction of felony-firearm in these cases shall be affirmed. If the prosecutor is unable to do so, the judgments of conviction of felony-firearm shall be set aside. If contrary evidence is produced, these matters shall be treated as a motion to withdraw the guilty

pleas and the court shall decide these matters in the exercise of its discretion. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).

COLEMAN, C.J., and WILLIAMS, LEVIN, FITZGER-ALD, RYAN, and BLAIR MOODY, JR., JJ., concurred with KAVANAGH, J.