PEOPLE v BYNUM

Docket Nos. 51202, 51203. Submitted October 22, 1980, at Detroit.—
  Decided September 8, 1981.

  Bernard Bynum was convicted, on his pleas of guilty, of two
  counts each of armed robbery and possession of a firearm in the
  commission of a felony, Recorder's Court of Detroit, Harvey F.
  Tennen, J. Defendant appeals, alleging among other things that
  there was an insufficient factual basis for acceptance of one of
  his pleas to felony-firearm. *Held:*

  Evidence of knowledge of an accomplice's possession and
  intent to use a weapon is not sufficient for conviction of aiding
  and abetting felony-firearm; it must be shown that the defen-
  dant assisted his accomplice in obtaining or retaining posses-
  sion of the firearm. The defendant stated that in one of the
  robberies he did not possess a firearm but that his accomplice
  did. The case should be remanded for a finding of whether the
  defendant assisted in obtaining or retaining possession of the
  firearm, and the defendant is to be resentenced according to
  the finding. The defendant's other convictions are affirmed.

  Remanded.

CRIMINAL LAW — FELONY-FIREARM — AIDING AND ABETTING.

  Evidence of a defendant's knowledge of an accomplice's possession
  and intent to use a weapon in committing a felony is insuffi-
  cient for conviction of aiding and abetting the crime of felony-
  firearm; rather, it must be shown that the defendant assisted
  his accomplice in obtaining or retaining possession of the
  firearm.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *Andrea L. Solak,*
Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
[1] 21 Am Jur 2d, Criminal Law § 167.

*Gail Rodwan,* Assistant State Appellate Defender, for defendant on appeal.

Before: Danhof, C.J., and M. J. Kelly and D. L. Sullivan,* JJ.

Per Curiam. Defendant, in a single proceeding in Detroit Recorder's Court, pled guilty in case No. 51202 (L. C. No. 79-08194) to one count each of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). In case No. 51203 (L. C. No. 79-08195), he pled guilty to one count each of the same two offenses. The pleas stemmed from defendant's participation in armed robberies on September 20 and 29, 1979, and were made pursuant to a plea-bargaining agreement whereby defendant received sentencing considerations and the prosecution agreed to dismiss two other cases against defendant. Defendant was sentenced to concurrent prison terms of two and five years for the felony-firearm offenses to be served consecutively with the armed robbery sentences. For the armed robberies, defendant received concurrent sentences of from five to ten years and from two to ten years. He appeals as of right.

Defendant first argues that an insufficient factual basis existed for acceptance of his plea to the felony-firearm charge in No. 51202 because there was no evidence that he possessed a firearm during the robbery upon which the charge was based. The record indicates that when questioned by the trial judge about the September 29 robbery, defendant stated that he did not possess a gun at the time although one of his companions pulled a gun on the victim.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The Supreme Court has declared that evidence of knowledge of an accomplice's possession and intent to use a weapon is insufficient for conviction of aiding and abetting felony-firearm. *People v Johnson,* 411 Mich 50; 303 NW2d 442 (1981). Rather, it must be shown that the defendant assisted his accomplice in obtaining or retaining possession of the firearm. *Id.* Therefore, we remand to the trial court. If the prosecutor is able to present evidence of aiding and abetting in No. 51202 the conviction of felony-firearm in that case shall be affirmed and defendant shall be resentenced in accordance with *People v Sawyer,* 410 Mich 531; 302 NW2d 534 (1981). In the event the facts elicited do not indicate that defendant assisted in obtaining or retaining possession of the firearm, the felony-firearm conviction in No. 51202 shall be dismissed.

Defendant's conviction for armed robbery in case No. 51202 is affirmed, as are his felony-firearm and armed robbery convictions in case No. 51203.

Remanded.