PEOPLE v BURNS

Docket No. 54450. Submitted September 16, 1981, at Detroit.—Decided October 21, 1981.

Michael Burns pled guilty in Detroit Recorder's Court to several charges including a charge of violating the felony-firearm statute. The plea was accepted and defendant was sentenced, Edward M. Thomas, J. Defendant appeals, contending that there was an insufficient factual basis presented at the guilty-plea proceeding to support the felony-firearm conviction. The prosecutor concedes that error was committed. *Held:*

The record does not show that defendant assisted the accomplice to obtain or retain possession of the firearm which the accomplice possessed during the commission of the felony. The matter is remanded for further proceedings on the felony-firearm charge.

Remanded.

V. J. BRENNAN, J., dissented. He would hold that the guilty plea transcript provides a sufficient factual basis from which an inculpatory inference could reasonably be drawn to sustain defendant's voluntary plea of guilty to the felony-firearm charge as an aider and abettor and that remand is unnecessary. He would affirm defendant's conviction.

OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — COURT RULES.

A trial court, before accepting a defendant's guilty plea, must establish by questioning the defendant that there is support for a finding that he is guilty of the offense charged or the offense to which he is pleading (GCR 1963, 785.7[3][a]).

2. CRIMINAL LAW — FELONY-FIREARM — AIDING AND ABETTING — STATUTES.

A conviction for aiding and abetting the commission of a sepa-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21 Am Jur 2d, Criminal Law § 489.
[2] 21 Am Jur 2d, Criminal Law § 167.
    79 Am Jur 2d, Weapons and Firearms § 15.
    Validity and construction of gun control laws. 28 ALR3d 845.

rately charged crime of carrying or having a firearm in one's possession during the commission of a felony requires that it be established that the defendant procured, counselled, aided, or abetted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained (MCL 750.227b, 767.39; MSA 28.424[2], 28.979).

DISSENT BY V. J. BRENNAN, J.

3. CRIMINAL LAW — FELONY-FIREARM — GUILTY PLEAS — SUFFICIENT FACTUAL BASIS.

*It is unnecessary to remand a case for further proceedings on a felony-firearm charge where the defendant voluntarily pled guilty to the charge and the guilty plea transcript provides a sufficient factual basis from which an inculpatory inference can reasonably be drawn to sustain the plea.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Robert J. Sheiko,* Assistant Prosecuting Attorney, for the people.

*Arthur R. Spears, Jr.,* for defendant on appeal.

Before: BASHARA, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

BASHARA, P.J. Defendant appeals his plea-based conviction for violation of the felony-firearm statute, MCL 750.227b; MSA 28.424(2). He contends that there was an insufficient factual basis presented at the guilty-plea proceeding to support the conviction. GCR 1963, 785.7(3)(a). The prosecutor concedes error.

We have reviewed the transcript in light of *People v Johnson,* 411 Mich 50; 303 NW2d 442 (1981). In that case, the Court stated:

"To convict one of aiding and abetting the commission of a separately charged crime of carrying or having a firearm in one's possession during the commission of a

felony, it must be established that the defendant procured, counselled, aided, or abetted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained. See *People v Doemer,* 35 Mich App 149; 192 NW2d 330 (1971); *People v Francis,* 71 Cal 2d 66; 450 P2d 591; 75 Cal Rptr 199 (1969).

"In neither of the instant cases does the record show that the defendant assisted the accomplice to obtain or retain possession of the firearm which the accomplice possessed during the commission of the felony." *Johnson, supra,* 54.

The facts in the present case do not appear to be distinguishable from those presented in *Johnson.* Accordingly, the matter is remanded for further proceedings on the felony-firearm charge. Although the defendant has raised no issue with regard to the other convictions, our review of the transcript reveals no other reversible error. We do not retain jurisdiction.

J. H. Gillis, J., concurred.

V. J. Brennan, J. *(dissenting).* I respectfully dissent from my colleagues' opinion on the necessity of remanding this case in order for the prosecutor to supply the missing element. Rather, I am persuaded that the guilty plea transcript provides a sufficient factual basis from which an inculpatory inference can reasonably be drawn to sustain defendant's voluntary plea of guilty to the felony-firearm charge as an aider and abettor. *Guilty Plea Cases,* 395 Mich 96, 129; 235 NW2d 132 (1975).

Involved in the instant case is defendant's plea of guilty to three counts of first-degree criminal sexual conduct, one count of kidnapping, one count of armed robbery and one count of violating the felony-firearm statute. The defendant's recital, as evidenced by the guilty plea transcript, establishes

the following facts: the victim was abducted at
gunpoint, placed into a car driven by the defen-
dant, driven from place to place and eventually
driven to a field where she was raped by defen-
dant, gang-raped by codefendants, subjected to acts
of fellatio, and robbed.

The defendant further testified that all of the
foregoing was accomplished through the constant
use of a gun whereby the victim was forced to
submit to this series of on-going criminal activi-
ties. Although defendant stated he didn't person-
ally have possession of the gun, he did unequivo-
cally testify that he at all times knew of the
presence of the gun, its use in accomplishing the
criminal acts and that he "assisted" LaBaron, the
accomplice who held the gun.

On this record, there is no question in my mind
but that the defendant's testimony establishes that
he aided and abetted the accomplice in retaining
possession of the gun. At all times, he was aware
of the gun, consented to the codefendant's posses-
sion of the gun, actually assisted the codefendant
who had physical possession of the gun and shared
in the criminal purpose for which the gun was
used. I am persuaded that the defendant's pro-
longed acquiescence to the known use of the gun
over this extended period of time qualifies to estab-
lish the requisite factual basis by which a jury
could reasonably infer that defendant aided and
abetted the accomplice in the use of the firearm
during this series of on-going felonies. Hence, on
this record, defendant's felony-firearm conviction
should be affirmed and a remand is unnecessary.