PEOPLE v FAIRFAX

Docket No. 54639. Submitted September 16, 1981, at Detroit.—Decided October 21, 1981.

Ronald Fairfax pled guilty in Detroit Recorder's Court to charges of armed robbery and violation of the felony-firearm statute. The pleas were accepted and defendant was sentenced, Clarence Laster, Jr., J. Defendant appeals, contending that there was an insufficient factual basis to support the two pleas. *Held:*

1. The record establishes an adequate factual basis for the armed robbery plea.

2. It is not clear whether the defendant possessed or aided and abetted in the possession of either of the two shotguns used in the robbery. The factual basis supporting the felony-firearm conviction is therefore deficient. The felony-firearm conviction must be reversed and the matter remanded in order to give the prosecutor an opportunity to establish a sufficient factual basis at a new hearing.

The armed robbery conviction is affirmed. The felony-firearm conviction is reversed and the matter is remanded for further proceedings.

V. J. BRENNAN, J., dissented. He would hold that the guilty plea transcript provides a sufficent factual basis from which an inculpatory inference could reasonably be drawn to sustain defendant's voluntary plea of guilty to the felony-firearm charge either as a principal or as an aider and abettor. He would affirm both convictions.

OPINION OF THE COURT

1. CRIMINAL LAW — FELONY-FIREARM — AIDERS AND ABETTORS — STATUTES.

A conviction for aiding and abetting the commission of a separately charged crime of carrying or having a firearm in one's possession during the commission of a felony requires that it be established that the defendant procured, counselled, aided, or

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 21 Am Jur 2d, Criminal Law § 167.
[2] 21 Am Jur 2d, Criminal Law §§ 470, 489.

abetted and thus assisted in obtaining the proscribed possession or in retaining such possession otherwise obtained (MCL 750.227b, 767.39; MSA 28.424[2], 28.979).

DISSENT BY V. J. BRENNAN, J.

2. CRIMINAL LAW — FELONY-FIREARM — GUILTY PLEAS — FACTUAL BASIS FOR PLEA.

   *It is unnecessary to remand a case for further proceedings on a felony-firearm charge where the defendant voluntarily pled guilty to the charge and the guilty plea transcript provides a sufficient factual basis from which an inculpatory inference can reasonably be drawn to sustain the plea.*

3. CRIMINAL LAW — AIDERS AND ABETTORS.

   *The test for aiding and abetting is whether the accused in any way, directly or indirectly, aided the perpetrator by acts or encouraged him by words or gestures.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Norman R. Robiner,* for defendant on appeal.

Before: BASHARA, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

BASHARA, P.J. Defendant appeals his plea-based convictions of armed robbery, MCL 750.529; MSA 28.797, and violation of the felony-firearm statute, MCL 750.227b; MSA 28.424(2).

Defendant alleges that there was an insufficient factual basis to support the two pleas presented at the hearing, GCR 1963, 785.7(3)(a). Specifically, defendant contends that only an attempted robbery was established, there being no indication that any property was actually taken before the police interrupted the robbery. The court asked the defendant, "Did the guy give some money over

and the police come *[sic]* in just at that time?"
Defendant answered, "Yes". The police interrupted
the robbery after asportation of the money. Thus,
the record establishes an adequate factual basis
for the armed robbery plea. *People v Royce Alex-
ander,* 17 Mich App 30; 169 NW2d 190 (1969).

However, we agree with defendant's assertion
that the factual basis in support of the felony-
firearm plea was deficient. The defendant stated
that there were two shotguns used by the three
robbers, but it is not clear whether the defendant
possessed or aided and abetted in the possession of
one of the shotguns. We have reviewed the tran-
script in light of *People v Johnson,* 411 Mich 50;
303 NW2d 442 (1981). In that case, the Court
stated:

"To convict one of aiding and abetting the commis-
sion of a separately charged crime of carrying or having
a firearm in one's possession during the commission of a
felony, it must be established that the defendant pro-
cured, counselled, aided, or abetted and so assisted in
obtaining the proscribed possession, or in retaining such
possession otherwise obtained. See *People v Doemer,* 35
Mich App 149; 192 NW2d 330 (1971); *People v Francis,*
71 Cal 2d 66; 450 P2d 591; 75 Cal Rptr 199 (1969).

"In neither of the instant cases does the record show
that the defendant assisted the accomplice to obtain or
retain possession of the firearm which the accomplice
possessed during the commission of the felony." *John-
son, supra,* 54.

The facts in the present case do not appear to be
distinguishable from those presented in *Johnson.*
Thus, the felony-firearm conviction must be re-
versed and the matter remanded in order that the
prosecutor be given the opportunity to establish a
sufficient factual basis at a new hearing. *Guilty
Plea Cases,* 395 Mich 96, 129; 235 NW2d 132
(1975).

The armed robbery conviction is affirmed. The felony-firearm conviction is reversed and the matter is remanded for further proceedings. We do not retain jurisdiction.

J. H. Gillis, J., concurred.

V. J. Brennan, J. *(dissenting).* I respectfully dissent from my colleagues' opinion on the necessity of remanding this case in order for the prosecutor to supply the missing element. Rather, I am persuaded that the guilty plea transcript provides a sufficient factual basis from which an inculpatory inference can reasonably be drawn to sustain defendant's voluntary plea of guilty to the felony-firearm charge either as a principal or as an aider and abettor. *Guilty Plea Cases,* 395 Mich 96, 129; 235 NW2d 132 (1975).

I note first that defendant unequivocally pled guilty to the following charged allegations: that he assaulted the victim while armed with a short-barrelled shotgun and that he carried or had possession of the short-barrelled shotgun while in the commission or attempt to commit a felony. In short, nowhere in this transcript did defendant deny having had actual physical possession of one of the two shotguns.

However, assuming *arguendo* that defendant's felony-firearm plea must be examined on an aiding and abetting theory, I am still convinced that the inculpatory inferences to be drawn from defendant's factual recital were sufficient to sustain this plea.

"*The Court:* With respect to this particular offense, were you in the area of 11000 East Warren in the City of Detroit on February 22nd, 1980?

"*Defendant:* Yes, sir.

*"The Court:* And did you take part in a hold-up of an individual later identified as Jonas Moore?

*"Defendant:* Yes, sir.

*"The Court:* And can you tell me what went down with respect to that?

*"Defendant:* I pulled into a gas station and it was on East Warren.

*"The Court:* You were with someone else?

*"Defendant:* I was with two other people.

*"The Court:* And what happened?

*"Defendant:* We went in and stick him up.

*"The Court:* Someone had a gun?

*"Defendant:* Yes, had two shotguns.

*"The Court:* Had two shotguns. And did you get money from the individual?"

Clearly in my mind the fact that defendant drove the car by which the guns were taken to the scene of the crime satisfies the requisite element that defendant, at a minimum, knowingly assisted the accomplices in possessing the firearms. By their very size and nature, it is unlikely that the guns could have been inconspicuous and easily concealed, so it is wholly reasonable to infer that their presence was known to the defendant and that he aided in transporting them to the scene of the crime and acquiesced in their use. In *People v Francis,* 71 Cal 2d 66; 450 P2d 591; 75 Cal Rptr 199 (1969), cited in *People v Johnson,* 411 Mich 50; 303 NW2d 442 (1981), the Court stated that a conviction for possession of marijuana may be upheld when there is evidence that the defendant aided and abetted another in committing the crime of possession of narcotics. The test is whether the accused in any way, directly or indirectly, aided the perpetrator by acts or encouraged him by words or gestures. In the instant case, this is satisfied by the act of defendant driving the car

containing the two shotguns to the scene of the crime. On this evidence, the jury could have reasonably inferred that the defendant had physical or constructive possession of the firearms coupled with knowledge of the presence of the firearms. I feel the defendant acquiesced to the use of the firearms and that such acquiescence should qualify as aiding and abetting. Thus, this record satisfies the factual basis needed to sustain defendant's conviction since he obviously assisted in the accomplices' possession of the firearms during the commission of the felony.