PEOPLE v BAKER

Docket No. 52902. Submitted February 4, 1982, at Detroit.—Decided April 14, 1982.

Jerome Baker was convicted, on his plea of guilty, of armed robbery and possession of a firearm in the attempt or commission of a felony in Wayne Circuit Court, Patrick J. Duggan, J. The defendant appeals the felony-firearm conviction alleging that the facts elicited in his guilty plea were insufficient to establish that he personally possessed a firearm or aided and abetted in the possession by his codefendant. *Held:*

The facts as elicited from the defendant during his guilty plea establish not only that the defendant participated in the planning and commission of the robbery but that he saw and handled the sawed-off shotgun prior to the commission of the crime with an awareness of the use to which it would be put. The defendant's statements were sufficient to allow an inculpatory inference to the effect that he assisted in his codefendant's retention of the firearm.

Affirmed.

CRIMINAL LAW — FELONY-FIREARM — AIDING AND ABETTING.

A defendant may be convicted of aiding and abetting a violation of the statute on felony-firearm only where it is established that the defendant procured, counselled, aided or abetted and so assisted in obtaining the proscribed possession of the firearm, or in retaining such possession otherwise obtained (MCL 750.227b; MSA 28.424[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

*Patterson, Phifer & Phillips, P.C.,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 167, 175, 176.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and CYNAR, JJ.

PER CURIAM. The defendant and a codefendant, Darryl Duckett, were charged in a two-count information with one count of armed robbery, MCL 750.529; MSA 28.797, and a second count of possession of a firearm in the attempt or in the commission of a felony, MCL 750.227b; MSA 28.424(2). Codefendant Duckett pled guilty to the charges on February 20, 1980, and was sentenced to imprisonment of one year and one day to five years on the armed robbery charge and to a mandatory two-year jail term on the second offense of felony-firearm.[1] The defendant pled guilty to the charged offenses on February 21, 1981, and was thereafter sentenced to consecutive prison terms of one year and one day to five years for armed robbery and two years for the felony-firearm offense. He appeals as of right, arguing that the facts elicited in his guilty plea were insufficient to show that he personally possessed a firearm or aided and abetted in the possession by Duckett. We believe that an examination of the transcript of the plea-taking proceeding reveals that the defendant at least aided and abetted in the proscribed possession.

Present in court at the time of the plea was the complainant, Mr. Wallace P. Rogers, who was an attorney at law. The following exchange between the trial court and Mr. Rogers reveals that the court was particularly concerned with the question of whether the defendant or the codefendant Duckett possessed the firearm:

---

[1] The matter of Duckett's felony-firearm conviction has since been remanded for further proceedings under *People v Johnson*, 411 Mich 50, 54; 303 NW2d 442 (1981). In *his* guilty plea, Duckett contended that the defendant solely possessed the weapon used.

"*The Court:* Why don't I ask Mr. Rogers. Would you step forward Mr. Rogers?

"Mr. Rogers, I don't know all of the details of this case obviously. I have read the preliminary examination transcript. I heard what the other defendant had to say. The allegation is that it was this defendant who had the gun and I don't know factually whether this defendant was sufficiently different to justify different sentences * * *.

"*Complainant Rogers:* Your Honor, based on the short period from the point in which I opened the door to look out and the two gentlemen came in, it is my judgment that their participation was co-equal. The only difference is, I don't regard it as a significant one, one held the gun, and the other did not. There was complete cooperation for that point of view. I do not see any difference in culpability."

As an apparent consequence, the court questioned the defendant ˙extensively regarding possession of the weapon:

"*The Court:* Yes, I want to know why you think you are guilty.

"*Defendant Baker:* The night of the robbery, your Honor, me and Darryl Duckett was riding in the Lemontree Apartment area. Darryl spotted the apartment from my car, and he said, let's go in there and get that apartment. I got out of my car, parked my car, went to the apartment, rang the buzzer, and we went inside.

\* \* \*

"Darryl held the gun to him and announced the robbery. After he announced the robbery, he made him lay down and tie him up. I helped tie him up, and that's when he started vandalizing the apartment building.

"*The Court:* You're saying that Darryl had the gun?

"*Defendant Baker:* Yes, he did, your Honor.

"*The Court:* What type of gun was it?

"*Defendant Baker:* Sawed-off shotgun.

\* \* \*

*"The Court:* And where did the gun come from on that night?

*"Defendant Baker:* From Darryl's friend, I guess. I don't know.

*"The Court:* When did you first see the gun?

*"Defendant Baker:* When Darryl came to my house.

\* \* \*

*"The Court:* Did Darryl walk into your house with the shotgun?

*"Defendant Baker:* Yes.

*"The Court:* And then Darryl and you left your house and went into your car?

*"Defendant Baker:* Yes.

*"The Court:* Who was carrying the shotgun?

*"Defendant Baker:* Darryl did, I think *because I had it at one time, because I was looking at it,* but I don't know who carried it in the car, I mean.

*"The Court:* You don't know who carried it to the car?

*"Defendant Baker:* No, I don't.

*"The Court:* Did one of you carry it to the car?

*"Defendant Baker:* Yeah.

*"The Court:* Were you carrying a shotgun in the car from your house?

*"Defendant Baker:* We was just looking for some money, I guess. I don't know no reasonable cause.

*"The Court:* When you left your house with one of you having that gun, was it your intent to hold up somebody by using that gun?

*"Defendant Baker:* Well, not really to hold up, but to get some money, you know.

*"The Court:* With use of the gun?

*"Defendant Baker:* I guess, if necessary, yes, your Honor.

\* \* \*

*"The Court:* Then you stopped the car, and did you intend to go into the apartment with that gun?

*"Defendant Baker:* Yes.

*"The Court:* Why did you want—why were you going into that apartment with the gun?

"*Defendant Baker:* To rob him, I guess.

"*The Court:* I can't take 'I guess'. You're the one that was there, I wasn't.

"*Defendant Baker:* Yes, to rob him, your Honor.

"*The Court:* Did you get out of that car with the intent of going into that apartment to rob somebody with a gun?

"*Defendant Baker:* Yes, your Honor.

"*The Court:* And who was carrying the gun as you went into the apartment building?

"*Defendant Baker:* Darryl.

* * *

"*The Court:* And you threatened him with a gun?

"*Defendant Baker:* Yes—well, I don't know about the threat. But we had—I don't remember no threat.

"*The Court:* Was the gun ever used in order to help you get what you wanted?

"*Defendant Baker:* Yes.

"*The Court:* Did you point the gun at him?

"*Defendant Baker:* Yes, he did, yes."

Under *People v Johnson,* 411 Mich 50, 54; 303 NW2d 442 (1981), a defendant may be convicted of aiding and abetting a violation of the statute on felony-firearm only if it is "established that the defendant procured, counselled, aided, or abetted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained".

We believe that the facts elicited from the defendant during his guilty plea establish not only that the defendant participated in the planning and commission of the robbery but that he saw and handled the sawed-off shotgun prior to the crime with an awareness of the use to which it would be put. We believe that the defendant's statements were sufficient to allow an inculpatory inference[2]

---

[2] *People v Haack,* 396 Mich 367, 377; 240 NW2d 704 (1976); *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975).

to the effect that he assisted in his codefendant's retention of the firearm.

Affirmed.