PEOPLE v REGINALD REED

Docket No. 59041. Submitted June 21, 1982, at Detroit.—Decided
September 29, 1982.

Reginald Reed pled guilty in Detroit Recorder's Court to charges
of armed robbery and felony-firearm and was sentenced, Robert
L. Evans, J. Defendant appealed and the Court of Appeals, in
an unpublished opinion, found that the record did not show
that defendant assisted his accomplice in obtaining or retaining
possession of the firearm which his accomplice possessed during
the commission of the felony. The case was remanded to the
trial court to give the prosecutor an opportunity to establish
the necessary assistance by defendant. The trial court found
that there was insufficient evidence on the element of assisting
the accomplice and vacated defendant's conviction under the
felony-firearm charge. The people appeal. *Held:*

The trial court properly refused on remand to permit the
prosecutor to create an issue of fact concerning whether defen-
dant held a rifle or a stick during the robbery. The trial court
was limited by the instructions of the Court of Appeals to
considering evidence that defendant assisted his accomplice in
obtaining or retaining possession of the firearm used by his
accomplice.

Affirmed.

1. CRIMINAL LAW — FELONY-FIREARM — AIDING AND ABETTING.

Possession of a firearm while committing or attempting to com-
mit a felony is a crime separate from the underlying felony;
therefore, where the defendant is charged in a felony-firearm
prosecution as aiding and abetting another person, the aiding
and abetting must be established in each crime to support
conviction for each crime (MCL 750.227b, 767.39; MSA
28.424[2], 28.979).

2. COURTS — TRIAL COURTS — REMANDS.

A trial court may take any action on remand which is not

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 267, 277.
[2] 5 Am Jur 2d, Appeal and Error § 960.

inconsistent with the instructions of the remanding court where the action is otherwise proper.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: CYNAR, P.J., and N. J. KAUFMAN and P. R. MAHINSKE,* JJ.

PER CURIAM. Defendant was charged with two counts of armed robbery, MCL 750.529; MSA 28.797, and with one count of felony-firearm. MCL 750.227b; MSA 28.424(2). Defendant pled guilty to the crimes charged. Defendant was sentenced to a term of one to ten years on an armed robbery count plus the mandatory two-year term on the felony-firearm count. Defendant appealed as of right.

A panel of the Court of Appeals found that the record did not show that defendant assisted his accomplice in obtaining or retaining possession of the firearm which his accomplice possessed during the commission of the felony. The Court of Appeals remanded defendant's case for a hearing under the authority of *People v Johnson,* 411 Mich 50; 303 NW2d 442 (1981). *People v Reed* (Docket No. 53733, decided May 28, 1981 [unreported]). The trial court conducted a hearing. Upon making a finding of insufficient evidence on the element of assisting his accomplice in obtaining or retaining possession of the firearm used by the accomplice, the court vacated defendant's conviction under the

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

felony-firearm count. The prosecutor filed a claim of appeal and appeals as of right.

Prior to accepting defendant's guilty plea on July 11, 1980, the trial court questioned defendant to determine whether defendant was guilty of the crime charged. When the court asked defendant whether he was armed, defendant replied that he was armed with a stick and that his accomplice had a revolver.

The *Johnson* remand hearing was held July 7, 1981. The prosecutor presented William Miller and Torri Whitehead as witnesses, both of whom had testified at the preliminary examination. Whitehead testified that defendant possessed what appeared to her to be a pipe. Miller testified that defendant possessed what appeared to be a shotgun, but he was not sure. The prosecutor did not present evidence that defendant assisted his accomplice in obtaining or retaining possession of the firearm used by the accomplice. Defendant did not testify at the evidentiary hearing. Miller and Whitehead testified consistently with their testimony at the preliminary examination.

The trial court concluded that it was limited by the Court of Appeals opinion to considering evidence that defendant assisted his accomplice in obtaining or retaining possession of the firearm used by the accomplice. The court found that it was without jurisdiction to redetermine the nature of the instrument possessed by defendant.

The prosecutor argues that the trial court erroneously dismissed the felony-firearm count when, under a *Johnson* remand, the prosecution presented evidence from which actual possession could be inferred to support a guilty plea.

In a felony-firearm prosecution, the possession of a firearm is a crime distinct from the underlying

felony. The aiding and abetting charge must, therefore, be established in each to support the conviction for each. *Johnson, supra,* p 54.

"On remand the prosecutor shall be given an opportunity to establish that the defendant procured, counselled, aided or abetted and so assisted the accomplice to obtain or retain possession of the firearm which the accomplice possessed during the commission of the felony. If the prosecutor is able to do so and there is no contrary evidence, the judgments of conviction of felony-firearm in these cases shall be affirmed. If the prosecutor is unable to do so, the judgments of conviction of felony-firearm shall be set aside. If contrary evidence is produced, these matters shall be treated as a motion to withdraw the guilty pleas and the court shall decide these matters in the exercise of its discretion. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975)." *Johnson, supra,* pp 54-55.

A panel of this Court instructed the trial court to, upon remand, give the prosecutor an opportunity to establish the missing element pursuant to the dictates of *Johnson. People v Reed* (Docket No. 53733, decided May 28, 1981 [unreported]). This Court has similarly ordered a remand for supplementation of the record concerning guilty pleas on felony-firearm charges in other recent cases. See *People v Bynum,* 109 Mich App 93; 310 NW2d 905 (1981), and *People v Sees,* 104 Mich App 477; 304 NW2d 612 (1981), *lv den* 412 Mich 897 (1982).

The problems of the case at bar arise because the prosecutor failed to follow the explicit directions of this Court. The trial court felt bound by this Court's instructions and vacated defendant's felony-firearm convicton because of the prosecutor's failure.

A trial court may take any action on remand which is not inconsistent with the instructions of

the remanding court where the action is otherwise proper. See *Meyering v Russell,* 85 Mich App 547, 552; 272 NW2d 131 (1978), *lv den* 406 Mich 866 (1979), and *Sokel v Nickoli,* 356 Mich 460, 464; 97 NW2d 1 (1959).

In the case at bar, the prosecutor clearly failed to follow the instructions of this Court. The trial court refused to permit the prosecutor to use the *Johnson* hearing to create an issue of fact concerning whether defendant held a rifle or a stick during the robbery. It appears the trial court's limitations were proper in this case. Permitting the prosecutor to create an issue of fact concerning a weapon held by defendant would have been inconsistent with this Court's prior decision and inappropriate at this stage of the proceedings. See *Theisen v City of Dearborn,* 48 Mich App 571; 210 NW2d 777 (1973).

Affirmed.