CAVANAGH, J.
(dissenting). Today’s majority claims there are more ways to aid or abet possession of a firearm during the commission of a felony than those stated in People v Johnson, 411 Mich 50; 303 NW2d 442 (1981). Therefore, the majority sees fit to overrule Johnson. This conclusory claim, however, is not supported by a reasoned analysis grounded in the statutory language of MCL 750.227b(1) and 767.39.[1] Therefore, I must respectfully dissent.
*75 i. ANALYSIS
A fundamental flaw in the analysis offered by the majority is that it does not distinguish between a defendant’s actions in aiding or abetting the predicate felony and aiding or abetting felony-firearm possession. The majority correctly states that “the proper standard for establishing felony-firearm under an aiding and abetting theory is whether the defendant’s words or deeds ‘procure[d], counseled], aid[ed], or abet[ted]’ another to carry or have in his possession a firearm during the commission or attempted commission of a felony-firearm offense.” Ante at 58-59. However, the majority then errs because it does not use this standard in its analysis. The majority finds there was sufficient evidence to convict defendants of felony-firearm possession because they aided or abetted in the commission of a crime. But it does not matter that the defendant procured, counseled, aided, or abetted the commission of a crime. What matters is that the defendant, procured, counseled, aided, or abetted felony-firearm possession. This analytical error permeates the opinion and results in convictions that violate the plain language, as well as the intent, of the statutes.
*76 There is a difference between aiding or abetting the use of a firearm and aiding or abetting the carrying or possession of a firearm, yet the majority’s analysis is devoid of this distinction. The majority admits that it was not established at trial that defendants Harris and Moore aided or abetted their respective accomplices in obtaining or retaining a firearm. The majority explicitly states, “Under the standard set forth in Johnson, each defendant’s conviction would be reversed because neither defendant specifically aided the principal in ‘obtaining’ or ‘retaining’ the firearm for immediate or eventual possession by the principal during the commission or attempted commission of a felony.” Ante at 65. However, the majority’s analysis does not describe what defendants Harris and Moore did, other than encourage their respective accomplice to use the firearm, to support convictions of felony-firearm possession under an aiding or abetting theory. The majority admits, “The defendant in each case aided or abetted felony-firearm by actively urging, inciting, encouraging, or motivating the principal to use the weapon that was in the principal’s possession.” Ante at 71 (emphasis added). Procuring, counseling, aiding, or abetting the use of a firearm in a predicate felony is not the same as procuring, counseling, aiding, or abetting the carrying or possession of a firearm.
Regarding defendant Moore, the majority states that Moore incited his accomplice to possess and use the firearm by attempting to grab the gun away from him and attacking the accomplice’s masculinity. “It is clear that Moore’s words and deeds were intended to encourage Boylston [the accomplice] to use the gun against the two victims during the commission of a felony.” Ante at 72 (emphasis added).
*77 I agree that defendant Moore’s attacks on the accomplice’s masculinity encouraged the accomplice to use the firearm. But the majority’s argument that Moore encouraged possession by unsuccessfully trying to take the firearm away is nonsensical. The accomplice already possessed the firearm, and Moore tried to take it away. Moore’s actions did not encourage his accomplice’s possession; Moore was actually encouraging just the opposite. Arguing that Moore’s actions, which sought to divest his accomplice of possession of the firearm, actually encouraged possession defies logic.
Regarding defendant Harris, the majority states, “Harris expressly encouraged Mays [the accomplice] to use the firearm in his possession to shoot the clerk after the clerk refused to give the men any money.” Ante at 73 (emphasis added). The majority also states that Harris “relied on May’s possession of the firearm to facilitate his own robbery of the customer.” Ante at 73. As with defendant Moore, the majority adequately explains how defendant Harris encouraged the use of the firearm, yet nowhere in the opinion is it explained how either defendant aided or abetted the carrying or possession of the firearms. In both of these cases what is really being encouraged is the use of the firearm.
Contrary to the majority’s assertion, I am not suggesting we treat a possessory offense differently from any other crime. Nor am I suggesting that we treat aiding or abetting felony-firearm possession differently from any other crime. I am merely applying basic rules of statutory construction and, once again, giving effect to the words used by the Legislature. See Coleman v Gurwin, 443 Mich 59, 65; 503 NW2d 435 (1993). The difference between possession and use is not a trivial one, and the fact that the Legislature chose to state that *78 MCL 750.227b(l) applies only to a “person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony” should not be ignored.
While a defendant can aid or abet felony-firearm possession by physically assisting an accomplice in obtaining or retaining a firearm, there are also other ways to aid or abet an accomplice beyond physical assistance and Johnson does not preclude convictions for nonphysical assistance. A defendant can offer verbal encouragement to an accomplice before the accomplice has possession of the firearm or while the accomplice has possession of the firearm. But to meet the statutory standards, the verbal encouragement must relate to obtaining or retaining possession, not just the use. And while a person must indeed possess a firearm in order to use it, it does not mean that a defendant who encourages the use of a firearm that is already in the possession of an accomplice also encourages possession. Interpreting the statutory language in this manner would essentially make the felony-firearm possession statute a strict liability statute for anyone who commits or participates in a crime with an accomplice who possesses a firearm. A fair reading of the statutory language does not support the majority’s position.
II. THE REENACTMENT RULE
The majority also ignores the fact that the Legislature reenacted the felony-firearm possession statute after the Johnson decision, yet the Legislature did not address the alleged “error” in Johnson. Under the reenactment rule, “[i]f a legislature reenacts a statute without modifying a high court’s practical construction of that statute, that construction is implicitly adopted.” People v Hawkins, 468 Mich 488, 519; 668 NW2d 602 *79 (2003) (CAVANAGH, J., dissenting), citing 28 Singer, Statutes and Statutory Construction (2000 rev), Contemporaneous Construction, § 49.09, pp 103-112. The Legislature “is presumed to be aware of an administrative or judicial interpretation of a statute and to adopt that interpretation when it [reenacts] a statute without change . ...” Lorillard, a Div of Loew’s Theatres, Inc v Pons, 434 US 575, 580; 98 S Ct 866; 55 L Ed 2d 40 (1978). “The reenactment rule differs from the legislative-acquiescence doctrine in that the former canon provides ‘prima facie evidence of legislative intent’ by the adoption, without modification, of a statutory provision that had already received judicial interpretation.” Hawkins, supra at 488, quoting Singer at 107. In overruling Johnson, the majority reaches its desired result by ignoring the actions and intent of our Legislature, as well as the plain language of the statutes.
in. IMPROPERLY OVERRULING JOHNSON
Finally, I must address the majority’s stated hesitancy to overrule Johnson, which was a unanimous opinion of this Court. The majority’s zeal in overruling Johnson cannot, under any definition, be considered hesitancy. Its fervor results in an opinion that admits that the defendants cannot be convicted without overruling Johnson. The majority then offers a justification for overruling Johnson that does not comport with the statutory language used in MCL 750.227b(l) and 767.39. Further, the majority provides no sound example of how a person can aid or abet felony-firearm possession other than assisting in obtaining or retaining the possession of the firearm.
While the majority has liberally peppered its opinion with the word “possession,” merely claiming that de *80 fendants aided or abetted the possession of a firearm does not make it so. Besides the copious use of the word “possession,” the majority only supports its decision to overrule Johnson with conclusory statements that Johnson’s test was too “narrow.” However, the statutory language and the actions of our Legislature belie this erroneous conclusion.
IV CONCLUSION
Accordingly, I respectfully dissent and would reverse the defendants’ convictions for felony-firearm possession because the convictions violate the statutory language of MCL 750.227b(l) and MCL 767.39.
KELLY, J., concurred with CAVANAGH, J.

 MCL 750.227b(l) relates to the carrying or possessing of a firearm when committing or attempting to commit a felony, and states the following:
*75 A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223, section 227, 227a or 230, is guilty of a felony, and shall be imprisoned for 2 years ....
MCL 767.39 relates to the abolition of the distinction between an accessory and a principal, and states the following:
Every person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall he punished as if he had directly committed such offense.