*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

YVETTE PERKINS,

        Defendant-Appellant.

UNPUBLISHED
March 16, 2026
11:13 AM

No. 373272
Wayne Circuit Court
LC No. 20-001073-02-FC

Before: PATEL, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

Defendant appeals by right her jury trial convictions of assault with intent to do great bodily harm less than murder (AWIGBH),[1] MCL 750.84; and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 1 to 10 years' imprisonment for her AWIGBH conviction and two years' imprisonment for her felony-firearm conviction. Finding no errors warranting reversal, we affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises from the nonfatal shooting of the victim. The victim was shot by Michael Leak, who claimed that he and defendant planned the shooting. Leak was initially charged as a codefendant in the case. However, in exchange for his testimony against defendant, Leak pleaded guilty to assault with intent to murder (AWIM), MCL 750.83, and a related felony-firearm charge. Leak received a sentence of 10 to 20 years' imprisonment for his AWIM conviction and 2 years' imprisonment for his felony-firearm conviction.

Before the shooting, defendant and the victim had a longstanding relationship of 20 years. The victim knew defendant because defendant worked as a cook, serving food outside of a car

---

[1] The jury found defendant guilty of AWIGBH as a lesser included offense to the original charge of assault with intent to murder (AWIM), MCL 750.83. Accordingly, the jury also acquitted defendant of an AWIM-related felony-firearm charge.

-1-

dealership that the victim frequented. Defendant was also a drug dealer, of which the victim was aware. In winter 2019, the victim gave defendant $900 with the expectation that defendant would pay him $1,800 back.

According to Leak, two weeks before the shooting, defendant approached him and stated that she was indebted to the victim, who was extorting and threatening to kill her. Defendant requested protection from Leak, who agreed because he felt an obligation toward defendant for providing him drugs and a place to stay. Leak did not know for sure whether the victim was extorting defendant, but they planned to kill him using a gun that defendant owned.

On December 26, 2019, Leak called the victim and requested they meet so that Leak could pay defendant's outstanding debt. Leak then drove to the meeting in defendant's car, with defendant in the passenger seat. The victim arrived in his own truck. At the meeting, Leak opened the passenger-side door of the victim's truck and shot him twice, causing the victim to fall out of his truck, where Leak shot him two more times. Leak then drove away with defendant. The victim attempted to give chase but eventually gave up and drove himself to the hospital.

Defendant denied any prior knowledge of the shooting. While she admitted to being in the car on the way to meet the victim, she thought that Leak was going to repay the victim for his own debt that he carried from separate business dealings. Defendant testified that she did not witness the shooting take place.

Defendant and Leak were eventually arrested, and a four-day jury trial commenced. At trial, defendant moved for a directed verdict, which the trial court denied. The jury subsequently found defendant guilty of AWIGBH and the associated felony-firearm charge under an aiding-and-abetting theory. Defendant now appeals.

## II. ANALYSIS

Defendant argues that there was insufficient evidence to support her felony-firearm conviction.[2] We disagree.

"Challenges to the sufficiency of the evidence are reviewed de novo." *People v Xun Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020). "In reviewing the sufficiency of the evidence, this Court must view the evidence—whether direct or circumstantial—in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Kenny*, 332 Mich App 394, 402-403; 956 NW2d 562 (2020). "[A] reviewing court is *required* to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 240; 917 NW2d 559 (2018) (cleaned up). "It is for the trier of fact, *not the appellate court*, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded

---

[2] Defendant challenges only her felony-firearm conviction. However, because defendant's felony-firearm conviction was based on an aiding-and-abetting theory, it is necessary for us to address the AWIGBH conviction to evaluate the sufficiency of the evidence to support the felony-firearm conviction.

those inferences." *Id*. (cleaned up). Any and all conflicts that arise in the evidence must be resolved "in favor of the prosecution." *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018).

Defendant's conviction of felony-firearm under an aiding-and-abetting theory was based on the undisputed evidence that Leak perpetrated the shooting. The felony-firearm statute, MCL 750.227b(1), is applicable "whenever a person carries or has a firearm in his possession when committing or attempting to commit a felony." *People v Moore*, 470 Mich 56, 62; 679 NW2d 41 (2004). "[A]iding and abetting is not a distinct criminal act; rather, it is a theory of prosecution that imposes vicarious criminal liability on an accomplice for the acts of the principal." *People v White*, 509 Mich 96, 102-103; 983 NW2d 348 (2022). The Michigan Supreme Court has clarified that "[u]nder the aiding and abetting statute, MCL 767.39, the correct test for aiding and abetting felony-firearm in Michigan is whether the defendant procures, counsels, aids, or abets in another carrying or having possession of a firearm during the commission or attempted commission of a felony." *Moore*, 470 Mich at 70 (cleaned up). Further,

> Establishing that a defendant has aided and abetted a felony-firearm offense requires proof that a violation of the felony-firearm statute was committed by the defendant or some other person, that the defendant performed acts or gave encouragement that assisted in the commission of the felony-firearm violation, and that the defendant intended the commission of the felony-firearm violation or had knowledge that the principal intended its commission at the time that the defendant gave aid and encouragement. [*Id*. at 70-71.]

"All that is required to prove aiding and abetting felony-firearm is that the defendant aided and abetted another in carrying or having in his possession a firearm while that other commits or attempts to commit a felony." *Id*. at 68.

In this case, the evidence established that Leak at least committed AWIGBH, which is a felony, when he shot the victim. "The elements of AWIGBH are (1) an assault, i.e. an attempt to offer with force and violence to do corporal hurt to another coupled with (2) a specific intent to do great bodily harm less than murder." *People v McKewen*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 158869); slip op at 5 (cleaned up). "The intent to do great bodily harm less than murder is 'an intent to do serious injury of an aggravated nature.'" *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014), quoting *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005). "A factfinder can infer a defendant's intent from his words or from the act, means, or the manner employed to commit the offense." *People v Hawkins*, 245 Mich App 439, 458; 628 NW2d 105 (2001).

Leak testified that he and defendant planned to kill the victim. Leak readily admitted that he shot the victim and that he "unloaded the gun" at the victim during the shooting. The victim also testified that he was shot four times by Leak: twice in the chest, once in the face, and once in the arm. Further, during the shooting, Leak stated to the victim, "We gone kill you n***a." From this evidence, it is clear that an assault took place, and that Leak at least intended to inflict great bodily harm on, if not kill, the victim. Leak's testimony also established that he had a gun in his possession during the shooting. Therefore, a rational juror could conclude that Leak violated the felony-firearm statute.

The evidence also supports that defendant "performed acts or gave encouragement that assisted in the commission of the felony-firearm violation . . . ." *Moore*, 470 Mich at 70-71. Whether a defendant performed acts or gave encouragement to assist the commission of a felony-firearm violation "must be determined on a case-by-case basis . . . ." *Id*. at 71. "[W]hen a defendant specifically encourages another possessing a gun during the commission of a felony to use that gun, he aids and abets the carrying or possessing of that gun just as surely as if he aided or abetted the principal in obtaining or retaining the gun." *Id*.

Leak testified that the gun used in the shooting was owned by defendant, and that he got it from her:

> *Q*. Where did you get the gun from?
>
> *A*. From [defendant]. It's her gun.
>
> *Q*. Do you know where she got that gun from?
>
> *A*. She had that gun for years. For years. For many years.

Leak also testified that he and defendant bought bullets for the gun and that defendant was the "mastermind" behind the plan to shoot the victim. While defendant denied knowing that Leak was going to shoot the victim, she testified she was aware that Leak had a gun when they were driving to meet the victim. The victim testified that during the shooting, defendant was sitting in the front passenger seat of her car, and that as the shooting was happening, defendant exclaimed, "Get that n***a." Leak also testified that following the shooting, he and defendant drove behind a store and threw the bullets and gun into a sewer hole. A rational juror could conclude that defendant performed acts to assist in the commission of Leak's felony-firearm violation by supplying the gun and bullets used in the shooting and encouraging Leak to shoot the victim with the gun.

Finally, the evidence also supports that defendant "intended the commission of the felony-firearm violation or had knowledge that the principal intended its commission at the time that the defendant gave aid and encouragement." *Moore*, 470 Mich at 70-71. "An aider and abettor's state of mind may be inferred from all the facts and circumstances. Factors that may be considered include a close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime." *People v Carines*, 460 Mich 750, 758; 597 NW2d 130 (1999) (cleaned up).

Here, there is evidence to support a close association between defendant and Leak. Although defendant denied having a longstanding relationship with Leak, Leak testified that they knew each other for 30 years and were particularly involved with one another because of their drug-related criminal activity. Leak testified that defendant was "like [his] family," and that she rescued him from homelessness and gave him drugs, housing, and food in exchange for Leak offering her protection. Leak also testified at length about defendant's involvement in the plan to shoot the victim. He testified that she was the "mastermind" behind the shooting and supplied the gun that he used. Leak explained that he and defendant had several conversations about the shooting at defendant's kitchen table, that the two planned the shooting about two weeks before its occurrence, and that they continued to make plans regarding what to do after the shooting.

Further, after the shooting, they disposed of the gun and bullets. Therefore, a rational juror could conclude that defendant intended the commission of Leak's felony-firearm violation.

In light of the foregoing evidence, a rational trier of fact could conclude that the elements of aiding and abetting felony-firearm were proven beyond a reasonable doubt, and that defendant procured, counseled, aided, or abetted Leak to carry or possess a firearm when he shot the victim. See *Moore*, 470 Mich at 59.

Defendant maintains that the evidence was insufficient to support her felony-firearm conviction because it rested solely on Leak's testimony that he got the gun from defendant and that the gun belonged to defendant. According to defendant, this was not enough to establish that defendant procured, counseled, aided, or abetted Leak in carrying or possessing the gun because Leak's testimony did not specifically establish how he got the gun or whether defendant gave the gun to him. We are unconvinced by defendant's argument.

While Leak's testimony regarding his procurement of the gun is somewhat thin, he clearly stated that he got it from defendant, who owned the gun for many years. Further, even if defendant did not directly give the gun to Leak, that does not necessarily preclude her felony-firearm conviction. In *Moore*, our Supreme Court overruled *People v Johnson*, 411 Mich 50; 303 NW2d 442 (1981), explaining that "*Johnson*'s holding, that to convict one of felony-firearm under an aiding and abetting theory it must be established that the defendant assisted in either obtaining or retaining possession of the firearm, is not based on the language of the aiding and abetting statute," and was overly narrow. *Moore*, 470 Mich at 68. While a defendant helping a principal obtain or retain a firearm may support an aiding-and-abetting felony-firearm conviction, "a defendant also can assist in the commission of a felony-firearm violation in other ways." *Id*. Here, there is evidence that defendant orchestrated a plan for Leak to shoot the victim, knew of the presence of a gun when she and Leak drove to meet the victim before the shooting, encouraged Leak while the shooting was occurring, and helped to dispose of the gun and bullets after the shooting. Therefore, there is ample circumstantial evidence from which a rational trier of fact could conclude that defendant aided and abetted Leak's commission of a felony-firearm violation.

In her Standard 4 brief, defendant also argues that there was insufficient evidence to support her felony-firearm conviction because the prosecution failed to present evidence that she possessed the gun. However, as discussed above, a defendant can be convicted of felony-firearm under an aiding-and-abetting theory, which does not require the prosecution to show that a defendant had actual or constructive possession of a firearm. See *Moore*, 470 Mich at 70-71 (listing the elements a prosecutor must prove to establish felony-firearm under an aiding-and-abetting theory).

Defendant also maintains that the prosecution failed to establish that she participated in or facilitated the commission of a felony because she was not present during the shooting. In support, she points to her own testimony that she was not present to witness the shooting because Leak exited her vehicle at the corner of the road and walked away to commit the shooting. She also cites testimony from Leak that he left defendant down the street in her parked car before walking up to shoot the victim. However, the prosecution also presented testimony from the victim that his truck was only about one car length away from defendant's car, that he saw defendant in the passenger seat of her vehicle when the shooting occurred, and that during the shooting, the victim

heard defendant say, "Get that n***a." To the extent that defendant challenges the credibility of the victim's testimony, "this Court must defer to the fact-finder's role in determining the weight of the evidence and the credibility of the witnesses." *Bennett*, 290 Mich App at 472.

Reviewing the evidence in the light most favorable to the prosecution, there is sufficient evidence from which a rational trier of fact could have found the elements of aiding and abetting felony-firearm were proven beyond a reasonable doubt.

Affirmed.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Philip P. Mariani