PEOPLE v JONES

Docket No. 54716. Submitted January 19, 1982, at Detroit.—Decided July 14, 1982.

Defendant, Gwendolyn Marie Jones, was convicted by a jury in the Wayne Circuit Court, Thomas J. Foley, J., of armed robbery and possession of a firearm during the commission of a felony. Defendant appeals alleging that the trial court erred in allowing the prosecutor to cross-examine defendant, over objection, on her use of heroin and in allowing the admission of testimony that defendant had used heroin on one occasion a month or two before the robbery. Defendant also alleges error in the admission of hearsay testimony, in improper questioning and argument regarding defendant's failure to make a full statement at the time of her arrest, in the trial court's instructions on the felony-firearm charge and in the trial court's instructions to the jury after it announced that it was deadlocked. *Held:*

1. The prosecution's cross-examination of defendant on her previous heroin use, the introduction of specific act testimony by a witness who testified that she had seen defendant use heroin once, one or two months before the robbery, and the prosecution's use of such as substantive evidence of defendant's motive and guilt require reversal.

2. The prosecution failed to prove either of the two founda-

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 320 *et seq.*

81 Am Jur 2d, Witnesses § 546.

Admissibility, at trial of criminal case of evidence of defendant's criminal acts other than those charged—Supreme Court cases. 93 L Ed 184.

Admissibility, under Rule 404(b) of the Federal Rules of Evidence, of evidence of other crimes, wrongs, or acts similar to offense charged to show preparation or plan. 47 ALR Fed 781.

[2] 81 Am Jur 2d, Witnesses §§ 600-603, 609.

Construction and application of Rule 608(b) of Federal Rules of Evidence, dealing with use of specific instances of conduct to attack or support credibility. 36 ALR Fed 560.

[3] 29 Am Jur 2d, Evidence § 496.

[4] 81 Am Jur 2d, Witnesses §§ 37, 527.

[5] 21 Am Jur 2d, Criminal Law § 167.

79 Am Jur 2d, Weapons and Firearms § 24.

tional factors pertaining to the legal relevance of heroin addiction to motive for a theft offense. Without such foundation such cross-examination and testimony were more prejudicial than probative of motive.

3. The prosecution's use of extrinsic evidence regarding specific instances of defendant's conduct for the purpose of attacking credibility was error.

4. Error occurred when the trial court allowed the introduction of hearsay testimony to which no hearsay exception was applicable.

5. Error also occurred when the prosecution questioned the defendant concerning her failure to make a statement at the time of her arrest and argued during closing argument that if defendant were telling the truth at trial she would have told her full story to the police at the time of her arrest.

6. The trial court's specific instructions on felony-firearm were incorrect since they indicated that defendant could be found guilty if she merely knew that the principal had a firearm in his possession at the time of the crime.

7. There was no error in the trial court's instructions to the jury after it announced that it was deadlocked.

Reversed and remanded.

1. CRIMINAL LAW — EVIDENCE — DRUG ADDICTION — MOTIVE.

Evidence of whether a defendant is a heroin addict at or near the time of a charged theft offense may be relevant and admissible as proof of motive for the theft offense where a foundation dependent on two factors is shown: (1) the defendant was addicted at or near the time of the offense and, therefore, compelled to obtain the drug, and (2) the defendant lacked sufficient income from legal sources to sustain his continuing need for heroin; without such a foundation such evidence should be excluded as its prejudicial effect substantially outweighs its probative value.

2. CRIMINAL LAW — TRIAL — EVIDENCE — EXTRINSIC EVIDENCE — RULES OF EVIDENCE.

Specific instances of a defendant's conduct may not be proved by extrinsic evidence for the purpose of attacking the defendant's credibility (MRE 608[b]).

3. TRIAL — EVIDENCE — HEARSAY — RULES OF EVIDENCE.

Hearsay testimony is not admissible where such testimony does not fit within one of the exceptions applicable to such testimony (MRE 802).

4. CONSTITUTIONAL LAW — CRIMINAL LAW — RIGHT TO REMAIN
    SILENT — EVIDENCE.

    The prosecution may not use a defendant's silence or failure to
    make a full statement at the time of his arrest against him at
    trial except to contradict inconsistent subsequent statements by
    the defendant that he did make such a statement.

5. CRIMINAL LAW — AIDING AND ABETTING — POSSESSION — FELONY-
    FIREARM.

    A defendant may not be found guilty as an aider and abettor of a
    felony-firearm violation if he merely knew that the principal
    had a firearm in his possession at the time of the crime; it must
    be established that the defendant procured, counselled, aided,
    or abetted and so assisted in obtaining the proscribed posses-
    sion, or in retaining such possession otherwise obtained.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Prin-
cipal Attorney, Appeals, and *A. George Best, II,*
Assistant Prosecuting Attorney, for the people.

*Nora J. Pasman* and *John Nussbaumer,* Assis-
tants State Appellate Defender, for defendant on
appeal.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN
and R. L. TAHVONEN,* JJ.

PER CURIAM. Gwendolyn Marie Jones was con-
victed by a jury of armed robbery, MCL 750.529;
MSA 28.797, and possession of a firearm during
the commission of a felony, MCL 750.227b; MSA
28.424(2). She was sentenced to a term of from 2 to
15 years for armed robbery and 2 years for felony-
firearm, the two sentences to run consecutively.
Defendant appeals as of right.

Defendant was tried jointly with Donald Haines
for their alleged participation, along with James

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Woodward and Raymond Grant, in the armed robbery of a Livonia Kentucky Fried Chicken store on May 26, 1980. All four individuals were arrested approximately five minutes after the robbery while riding together in an automobile approximately 2-1/2 miles from the scene. Codefendant Haines was driving, defendant Jones was riding in the front passenger seat, and Woodward and Grant were riding in the back seat. The police found a large sum of money taken from the Kentucky Fried Chicken store in Grant's pocket, a box of chicken in the car, and the gun used by Grant to commit the robbery in defendant Jones's waistband. The employees of the store testified at trial that Grant entered the store alone, robbed them at gunpoint, and left on foot with the money and a box of chicken. The employees never saw any of the other defendants or their automobile.

Charges against Woodward were dismissed at a preliminary examination because of insufficient evidence. Grant pled guilty the day before trial and ultimately testified for the prosecution. Grant testified that all four of the people in the automobile were in on the planning of the robbery and that they intended to split the proceeds four ways. This testimony contradicted Grant's original statement to the police, which he admitted making, in which he stated that the other three people in the car knew nothing about his plans to commit the robbery.

Defendant testified that the first time she saw the gun was when Grant passed it to her from the back seat of the car and asked her to hold it as the police were pulling them over. She testified that she first learned that a robbery had occurred when the police stopped them and she heard a broadcast on the police radio. She testified, also, that Grant

had asked them to stop at the Kentucky Fried
Chicken store because he was hungry and that he
went into the store alone. When he returned, he
had only a box of chicken in his hands. She
admitted having the gun when arrested, but de-
nied any prior knowledge of, or having anything to
do with, the robbery.

On appeal, defendant argues, first, that the trial
court erred in allowing the prosecutor to cross-
examine defendant, over objection, on her use of
heroin and to introduce extrinsic evidence that the
defendant had used heroin on one occasion a
month or two before the robbery. The people argue
the inquiry and subsequent extrinsic evidence
were properly admitted in order to supply a mo-
tive for the crime and to attack defendant's credi-
bility.

During the prosecutor's closing arguments, he
argued that defendant had a heroin habit, needed
money to buy heroin, and, therefore, participated
in the robbery. Evidence of whether a defendant is
a heroin addict at or near the time of a charged
theft offense may be relevant and admissible as
proof of motive. See MRE 404(b); MCL 768.27;
MSA 28.1050; *People v Talaga*, 37 Mich App 100,
103; 194 NW2d 462 (1971). Evidence of heroin use,
however, has a strong prejudicial effect. Thus, the
legal relevance of heroin addiction to motive for a
theft offense is dependent on two factors: (1) that
defendant was addicted at or near the time of the
offense and, therefore, compelled to obtain the
drug, and (2) that defendant lacks sufficient in-
come from legal sources to sustain his or her
continuing need for heroin. See *People v Walker*,
86 Mich App 155, 159, fn 2; 272 NW2d 222 (1978).
Without such a foundation, evidence of heroin use
should be excluded from proof of motive, as its

prejudicial effect substantially outweighs its probative value. See MRE 403; *Walker, supra,* 160.

In the instant case, the prosecution failed to prove either of these two foundational factors. On cross-examination, defendant testified she had not used heroin for over five years. Following defendant's testimony, the prosecution called Anita Grant, who testified that she had seen defendant use heroin only once, one or two months before the robbery. The only evidence of defendant's heroin use, the testimony of defendant and Ms. Grant, did not establish defendant was a heroin addict nor that she lacked funds from legal sources to sustain any habit she did have. Thus, cross-examination of defendant on her previous heroin use and the testimony of Ms. Grant were more prejudicial than probative of motive.

In addition, Ms. Grant's testimony that she saw defendant use heroin once prior to the robbery was not admissible as evidence attacking the credibility of the defendant. Specific instances of conduct for the purpose of attacking credibility may not be proved by extrinsic evidence. MRE 608(b).

The prosecution's cross-examination of defendant on her previous heroin use, the introduction of Ms. Grant's specific act testimony, and the prosecution's use of such as substantive evidence of defendant's motive and guilt require reversal.

Our resolution of this initial issue makes full elaboration on the remaining issues unnecessary. We note, however, that error occurred when the trial court allowed the introduction of hearsay testimony, over objection, that the principal in the crime had stated during guilty plea proceedings that defendant had engaged with him in the planning of the armed robbery and that they were going to split up the proceeds. The testimony was

hearsay and no exception was applicable. Thus, the testimony was not admissible. MRE 802.

Error also occurred when the prosecution not only questioned defendant concerning her failure to make a statement at the time of her arrest, other than that she "didn't know anything about the robbery" but did possess the gun, but argued during closing argument that if defendant were telling the truth at trial she would have told her full story to the police at the time of her arrest. In *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973), the Supreme Court ruled that in Michigan the prosecution may not use a defendant's silence against him. "The fact that a witness did not make a statement may be shown only to contradict his assertion that he did." *Bobo, supra,* 359. Defendant's failure to make a full statement at the time of her arrest was not inconsistent with any subsequent statements which she did make.

In addition, the trial court's specific instructions on felony-firearm were incorrect. The court instructed the elements to be:

"First, that the defendant committed or attempted to commit the crime of robbery armed, or attempt robbery armed either as the perpetrator or as an aider and abettor as that has been outlined and described to you under Count I.

"Second, that at the time they committed or attempted to commit that crime, they were knowingly carrying a firearm or knowingly they had a firearm in their possession, or in one of their possessions."

Defendant could not be found guilty of felony-firearm if she merely knew that the principal had a firearm in his possession at the time of the crime. Rather, "it must be established that the defendant procured, counselled, aided, or abetted and so as-

sisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained". *People v Johnson,* 411 Mich 50, 54; 303 NW2d 442 (1981).

Finally, we find no error in the trial court's instructions to the jury after it announced that it was deadlocked.

Reversed and remanded for a new trial.