PEOPLE v McGUFFEY

Docket No. 227957. Submitted April 10, 2002, at Grand Rapids. Decided
    April 30, 2002, at 9:30 A.M. Leave to appeal sought.

John J. McGuffey, III, was convicted by a jury in the Muskegon Cir-
    cuit Court, James M. Graves, Jr., J., of armed robbery, conspiracy
    to commit armed robbery, and possession of a firearm during the
    commission of a felony, and was sentenced as a second-offense
    habitual offender to concurrent prison terms of thirteen to thirty
    years for the armed robbery conviction and ten to thirty years for
    the conspiracy conviction and to the mandatory consecutive prison
    term of two years for the felony-firearm conviction. The defendant
    appealed.

    The Court of Appeals *held*:

    1. The felony-firearm conviction, which was based on the theory
    that the defendant aided and abetted a codefendant who possessed
    the firearm during the commission of the robbery, was not sup-
    ported by sufficient evidence and must be vacated on remand. In
    order to convict a defendant of felony-firearm under an aiding and
    abetting theory, the prosecution must demonstrate that the defen-
    dant procured, counseled, aided, or abetted and so assisted in
    obtaining the proscribed possession, or in retaining such posses-
    sion otherwise obtained. In this case, evidence indicating that the
    defendant moved a gun from one house to another is insufficient to
    support conviction in the absence of additional evidence indicating
    that the gun was the firearm used in the robbery or indicating
    when the gun was moved in relation to the robbery. The defen-
    dant's act of driving his armed codefendant to and from the scene
    of the robbery, without more, was not sufficient to convict the
    defendant of felony-firearm.

    2. The trial court did not abuse its discretion by admitting into
    evidence the testimony of a police detective who stated that the
    defendant's alibi for a separate robbery did not "pan out." Contrary
    to the defendant's assertion, the admission of the testimony did not
    implicate, and therefore did not violate, MRE 106, which states that
    "[w]hen a writing or recorded statement or part thereof is intro-
    duced by a party, an adverse party may require the introduction at
    that time of any other part or any other writing or recorded state-

ment which ought in fairness to be considered contemporaneously with it." The trial court did not err in ruling that the detective's testimony was relevant to the issue of the defendant's credibility and was not unfairly prejudicial to the defendant in light of the defendant's contradictory admissions and denials.

3. MCR 6.429(C) precludes the defendant from raising appellate challenges to the sentencing guidelines scoring for a prior record variable and an offense variable because the defendant failed to raise the scoring issues at or before sentencing, or argue that the challenges were brought as soon as the inaccuracies reasonably could have been discovered. Although MCR 6.429(C) conflicts with MCL 769.34(10) to the extent that the statute allows an appellate challenge to the scoring of the sentencing guidelines if the issue was raised in a motion for resentencing, as was done in this case, the court rule prevails over the statute because the conflict pertains to practice and procedure, not substantive law.

4. No relief can be granted on the defendant's claim that the prosecutor and the police promised him a lenient sentence. The defendant's sentences are within the sentencing guidelines ranges and must be affirmed absent an error in scoring or inaccurate information having been relied on at sentencing.

Affirmed in part, reversed in part, and remanded.

1. CRIMINAL LAW — FELONY-FIREARM — AIDING AND ABETTING.

The prosecution, in order to obtain a conviction of possession of a firearm during the commission of a felony under an aiding and abetting theory, must demonstrate that the defendant procured, counseled, aided, or abetted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained (MCL 750.227b).

2. SENTENCES — ACCURACY OF PRESENTENCE REPORTS — GUIDELINES SCORING — APPEAL.

An appeal concerning the accuracy of a presentence report or the scoring of the sentencing guidelines is precluded unless the defendant has raised the issue at or before sentencing or demonstrates that the challenge was brought as soon as the inaccuracy reasonably could have been discovered (MCR 6.429[C]).

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, *Tony Tague,* Prosecuting Attorney, and *Terrence E. Dean,* Senior Assistant Prosecuting Attorney, for the people.

*Patrick K. Ehlmann,* for the defendant on appeal.

Before: OWENS, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of armed robbery, MCL 750.529, conspiracy to commit armed robbery, MCL 750.157a, and possession of a firearm during the commission of a felony, MCL 750.227b. Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to concurrent terms of thirteen to thirty years' imprisonment for the armed robbery conviction and ten to thirty years' imprisonment for the conspiracy conviction, and to a two-year term of imprisonment for the felony-firearm conviction to be served consecutively to the sentences for the other convictions. Defendant appeals as of right. We affirm in part, reverse in part, and remand.

Defendant argues that there is insufficient evidence to support his felony-firearm conviction. A challenge to the sufficiency of the evidence requires us to determine "whether the evidence, viewed in a light most favorable to the people, would warrant a reasonable juror in finding guilt beyond a reasonable doubt." *People v Nowack,* 462 Mich 392, 399; 614 NW2d 78 (2000).

A defendant can be convicted of felony-firearm under an aiding and abetting theory. See *People v Johnson,* 411 Mich 50, 54; 303 NW2d 442 (1981). The prosecution is required to demonstrate that "the defendant procured, counseled, aided, or abetted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained." *Id.* Thus, a defendant may be guilty of felony-firearm despite the fact that the defendant did not personally possess the firearm during the commission of the fel-

ony. *Id.* However, it is not enough that a defendant merely knew that his codefendant possessed a gun during the crime. *People v Jones*, 119 Mich App 164, 170-171; 326 NW2d 411 (1982), quoting *Johnson, supra* at 54.

In this case, the prosecution argues that there was sufficient evidence because defendant moved a gun from one house to another. In his statement to police, defendant discussed several other robberies. Defendant told police that, after the Hollywood Video store robbery, he moved a shotgun from one home to another home so that the police would not discover it. Defendant's mother also testified that defendant admitted to her that he had moved a gun. However, there is no evidence indicating that the gun mentioned by defendant and his mother was the gun used in the instant offense—the robbery of the Mini-Mart. There is also no evidence of when this gun was moved in relation to the Mini-Mart robbery. Therefore, we cannot conclude that defendant's movement of this gun in any way aided or assisted codefendant Arthur Fort with obtaining or retaining the gun that he used to commit the instant offense.

In the alternative, the prosecution argues that defendant's transportation of Fort, who was armed with a gun, to the Mini-Mart before the robbery and from the Mini-Mart after the robbery is sufficient evidence. Specifically, plaintiff urges us to conclude that defendant assisted Fort with the transportation of the gun to and from the scene of the crime.

We addressed this precise argument in *People v Morneweck*, 115 Mich App 156, 158; 320 NW2d 327 (1982), when we considered whether the discovery of a gun in the defendant's apartment and the fact that

the defendant drove the getaway car after a robbery was sufficient evidence to convict the defendant of felony-firearm. We rejected this argument and explained:

> The people argue that the jury could reasonably infer that defendant aided and abetted the retention of the firearm used in the robbery because defendant drove the getaway vehicle and because she shared control of the apartment in which the firearm was found. We disagree. Proof that defendant knowingly assisted in a felony involving a firearm is not sufficient evidence upon which to convict her of aiding and abetting possession of a firearm during the commission of a felony. To convict this defendant of so aiding and abetting, it must have been shown that she knowingly performed some act or encouragement with the intent to assist her accomplices in keeping possession of the firearm. [*Id.*]

Similarly, in *People v Eloby (After Remand)*, 215 Mich App 472, 477-479; 547 NW2d 48 (1996), we considered whether there was sufficient evidence to convict the defendant of six counts of felony-firearm based on eight underlying felony convictions: kidnapping, armed robbery, and six counts of criminal sexual conduct. In that case, the defendant assisted his codefendant in kidnapping the victim and taking her to a house where she was sexually assaulted and robbed. *Id.* at 477. When the victim was transported to the house, the defendant drove the car while his codefendant held the gun to the victim's head. *Id.* We found insufficient evidence to support the defendant's felony-firearm conviction that was based on the underlying kidnapping conviction, explaining:

> Although it is clear from the facts that defendant aided and abetted the kidnapping, the complainant stated that she did not see defendant with the gun until after they were

inside the house. Walker possessed the gun at the start of the kidnapping, and there was never a struggle over its possession. It cannot reasonably be inferred from these facts that defendant aided and abetted Walker in either the acquisition or the retention of the single gun that was seen. Accordingly, that felony-firearm conviction must be reversed and that sentence must be vacated. [*Id.* at 478 (citations omitted).]

In other words, in *Eloby*, we implicitly rejected the idea that driving a car occupied by an armed codefendant was sufficient evidence to convict a defendant of felony-firearm.[1]

Here, unlike *Eloby*, the underlying felony did not occur in the car or in defendant's presence. Accordingly, there is even more support for a conclusion that there was insufficient evidence to support the felony-firearm conviction. Further, there is no evidence that defendant knowingly performed an "act or encouragement" with the intent to assist his codefendant in keeping or retaining possession of the firearm. *Morneweck, supra* at 158. Nor was there any evidence indicating that defendant's involvement exceeded the mere knowledge that his codefendant was armed. See *Jones, supra* at 170-171; *Johnson, supra* at 54. Thus, we conclude that the *Johnson, Jones, Morneweck,* and *Eloby* decisions require us to vacate defendant's felony-firearm conviction.

Next, defendant argues that the trial court abused its discretion by admitting evidence concerning the Hollywood Video store robbery. We review for an abuse of discretion a trial court's decision to admit or

---

[1] Apparently anticipating this result, the prosecution cites an unpublished case to support its argument; however, an unpublished opinion of this Court is not binding precedent, MCR 7.215(C)(1).

exclude evidence. *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998).

Defendant argues that a detective's testimony improperly suggested that defendant's alibi for a separate robbery did not "pan out." Defendant contends that this testimony was improperly admitted because it was neither relevant nor admissible under the rule of completeness, MRE 106. Although defense counsel did object to this testimony below, he only challenged its relevancy. Thus, defendant has forfeited the issue whether the testimony was improperly admitted under the rule of completeness. Nevertheless, defendant may avoid forfeiture of this issue by demonstrating a plain error that affected his substantial rights. *People v Carines*, 460 Mich 750, 763-765; 597 NW2d 130 (1999).

MRE 106 states: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Thus, the rule of evidence would only be pertinent if defendant sought, but was denied, permission to have a complete writing or recorded statement introduced. In other words, MRE 106 does not have any bearing on the admissibility of the testimony that the prosecution introduced, except that it might have allowed defendant to supplement the prosecution's proofs. Accordingly, there was no error, much less plain error, affecting defendant's substantial rights, as necessary to avoid forfeiture of this issue. *Carines, supra* at 763-764.

However, defendant did argue below that the testimony was irrelevant. The prosecution countered that

defendant, in his first statement to police, denied any involvement at all in any robberies. The prosecution noted that defendant changed his story when confronted with the fact that his alibi did not "check out." Thus, the prosecution contended that the testimony was also relevant to explain defendant's motivation for changing his story. The trial court agreed with the prosecution's argument, and further opined that defendant's statements were voluntary and part of a larger sequence of statements given throughout the day that were "more or less a connected series of statements." Consequently, the trial court ruled that the testimony was admissible.

MRE 402 explains that relevant evidence is admissible and irrelevant evidence is generally excluded. MRE 401 defines "relevant evidence" as: "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Here, the issue whether defendant was truthful when he told the police that he had an alibi for the night of a separate robbery related to his credibility. Defendant's credibility was directly at issue in this case because, initially, defendant denied any involvement with the instant robbery, but later he admitted that he committed the robbery with Fort. Then, at trial, defendant vehemently denied that he had helped plan and commit the robbery with Fort. Moreover, the detective testified that the police attempted to verify defendant's alibi after the first interview, and noted that the second interview was prompted, at least in part, because defendant's alibi did not "pan out." Thus, this testimony also explained to the jury why defendant even-

tually admitted to the police his involvement in the robbery, thereby supporting the credibility of his second statement. Defendant's credibility was certainly relevant to the jury's weighing of his statements and testimony. See *People v Mills*, 450 Mich 61, 73; 537 NW2d 909 (1995), modified on other grounds 450 Mich 1212 (1995). Accordingly, we are not persuaded that the trial court erred in finding the testimony relevant.

However, defendant also contends that the evidence was prejudicial *because* defendant's credibility was "a key issue" in the trial. MRE 403 states that even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice." As noted above, the testimony was relevant because it provided further information for the jury to consider when evaluating defendant's credibility. Although the inference to be drawn from the testimony was perhaps "negative" for defendant's case, this fact alone does not mean that there was a danger of "unfair prejudice." Indeed, the *Mills* Court recognized that all evidence is prejudicial to some extent because it is damaging to the other party's case. *Mills, supra* at 75. Instead, "unfair prejudice" occurs where either "a probability exists that evidence which is minimally damaging in logic will be weighed by the jurors substantially out of proportion to its logically damaging effect," or "it would be inequitable to allow the proponent of the evidence to use it." *Id.* at 75-76, quoting *Sclafani v Peter S Cusimano, Inc*, 130 Mich App 728, 735-736; 344 NW2d 347 (1983).

The detective's testimony suggesting that defendant's alibi did not "pan out" was certainly probative

of the context of defendant's second statement, and also provided an insight into defendant's credibility. The testimony fell well short of actually tying defendant to a crime in which he did not participate. Moreover, defendant's lengthy second statement credibly explained defendant's noninvolvement in the Hollywood Video store incident. It should be noted that an audiotape of this statement was played for the jury, and a transcript of this statement was also admitted into evidence for the jury's review. In this second statement, defendant explained that he was not sure which of two individuals were with him on the night of the incident—which would perhaps justify the inability of the police to confirm defendant's alibi with one of the individuals. Thus, in light of all the evidence available for the jury to consider regarding the challenged testimony, it does not appear that there was much risk of the jury giving undue weight to it, nor are we persuaded that it was inequitable for the trial court to admit it into evidence. Consequently, we conclude that the trial court did not abuse its discretion by admitting the evidence.

Next, defendant argues that the trial court erred in scoring prior record variable one (PRV 1). As an initial matter, we note that the parties disagree about whether this issue has been preserved for appeal. Defendant did not raise this issue either before or during the original sentencing hearing, although he did raise the issue in his motion for resentencing. On the one hand, MCL 769.34(10), provides:

A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence

range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

On the other hand, MCR 6.429(C), as amended on January 26, 1996, states:

A party may not raise on appeal an issue challenging the accuracy of the presentence report or the scoring of the sentencing guidelines unless the party has raised the issue at or before sentencing or demonstrates that the challenge was brought as soon as the inaccuracy could reasonably have been discovered.

As such, the court rule, MCR 6.429(C), and the statute, MCL 769.34(10), are in conflict to the extent that only the latter allows a defendant to raise a scoring issue on appeal where, as here, it was raised below only in a motion for resentencing.

Const 1963, art 6, § 5 provides that our Supreme Court "shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state." Generally, where a court rule established by our Supreme Court conflicts with a statute, the court rule governs if the matter pertains to practice and procedure. *People v Conat*, 238 Mich App 134, 162; 605 NW2d 49 (1999). "However, if the statute does not address purely procedural matters, but substantive law, the statute prevails." *Id.* at 163.

Here, we believe that the issue of when a guidelines scoring error must be brought to the trial court's attention falls squarely within the "practice and procedure" aspect of our legal system. In addition, by imposing reasonable limitations, the court rule aids in the efficient administration of justice. Accordingly, we conclude that the court rule, MCR 6.429(C), must

prevail over the conflicting statutory provision, MCL 769.34(10). *Conat, supra* at 163-164. Consequently, defendant, having failed to either raise the purported scoring error "at or before sentencing" or persuasively argue that "the challenge was brought as soon as the inaccuracy could reasonably have been discovered," is foreclosed from raising a challenge to the scoring of PRV 1 on appeal.

Similarly, defendant may not challenge the trial court's scoring of offense variable two, inasmuch as he failed to raise the challenge in a timely manner pursuant to MCR 6.429(C). Nevertheless, we would note that the victim's testimony provided evidence from which the trial court could have concluded that a short-barreled shotgun was used to commit the robbery.

Finally, defendant argues that he is entitled to resentencing because the prosecutor and the police allegedly promised him a lenient sentence. Again, however, we must affirm a sentence within the guidelines range absent an error in scoring or inaccurate information relied on in determining the defendant's sentence. MCL 769.34(10); see also *People v Babcock*, 244 Mich App 64, 73; 624 NW2d 479 (2000).

We affirm defendant's armed robbery and conspiracy convictions, but reverse his felony-firearm conviction. We remand for the trial court to vacate his felony-firearm conviction and corresponding sentence. We do not retain jurisdiction.