Griffin, J.
(concurring in part and dissenting in party I concur in affirming defendant’s convictions and join in all portions of the majority’s opinion except the remand for resentencing because of the forfeited offense variable (ov) 16 guidelines scoring error.
In the context of the judicial sentencing guidelines, our Supreme Court in People v Raby, 456 Mich 487, 496; 572 NW2d 644 (1998), stated: “ ‘The scoring of the sentencing guidelines is not an end in itself but rather a means to achieve a proportionate sentence.’ ” (quoting with approval People v Polus, 197 Mich App 197, 208; 495 NW2d 402 [1992] [Griffin, J., dissenting]). However, under the newly enacted legislative sentencing guidelines, accurate scoring of the legislative guidelines is more important because the “new ground rules,” People v Hegwood, 465 Mich 432, 439; 636 NW2d 127 (2001), enacted by the Legislature must be followed by the judiciary. Id. The new ground rules include a system of guideline scoring that must be utilized in determining an appropriate *282 sentence absent “a substantial and compelling reason” for departure. MCL 769.34(3). The new scoring scheme also contains an express appellate forfeiture provision. Specifically, MCL 769.34(10) provides:
If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant’s sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals. [Emphasis added.]
Despite the Legislature’s comprehensive system for scoring and appellate review, the majority revises the ground rules by adopting and applying the judicially created plain error rule for statutory scoring decisions. I respectfully dissent.
In my view, the majority’s review of a forfeited scoring issue violates the statute, MCL 769.34(10), and our court rules, MCR 6.429(C). In this regard, MCR 6.429(C) provides:
Preservation of Issues Concerning Presentence Report and Sentencing Guidelines. A party may not raise on appeal an issue challenging the accuracy of the presentence report or the scoring of the sentencing guidelines unless the party has raised the issue at or before sentencing or demonstrates that the challenge was brought as soon as the inaccuracy could reasonably have been discovered. Any other challenge may be brought only by motion for relief from judgment under subchapter 6.500. [Emphasis added.]
*283 Irrespective whether appellate review of scoring decisions is a substantive matter, MCL 769.34(10), or practice and procedure, MCR 6.429(C); People v McGuffey, 251 Mich App 155; 649 NW2d 801 (2002),[1] defendant has forfeited the scoring issue he now attempts to raise on appeal.
Finally, I note that even if the plain error doctrine were applicable, my colleagues fail to acknowledge the discretionary nature of the doctrine. In People v Cannes, 460 Mich 750, 763; 597 NW2d 130 (1999), our Supreme Court explained the plain error rule as follows:
The [United States v] Olano [507 US 725; 113 S Ct 1770; 123 L Ed 2d 508 (1993)] Court emphasized that a constitutional right may be forfeited by a party’s failure to timely assert that right. Id., p 731. To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. Id., pp 731-734. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. Id., p 734. “It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice.” Id. Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error “ ‘seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings’ independent of the defendant’s innocence.” Id., pp 736-737.
*284 The plain error rule may be invoked only “when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error ‘seriously affectfed] the fairness, integrity or public reputation of judicial proceedings’ independent of the defendant’s innocence.” Id. In my view, the alleged guidelines scoring error does not qualify under either exception. Obviously, by affirming defendant’s convictions, we have unanimously concluded that defendant is not “actually innocent.” Second, in view of the heinous nature of this brutal and senseless murder and defendant’s appropriate sentence of thirty to seventy years, it cannot be credibly argued that the alleged sentencing guidelines error seriously affected the fairness, integrity, or public reputation of these judicial proceedings. Under the circumstances of this case, our discretion should be exercised not to invoke the plain error doctrine.
The majority attempts to justify its review of the forfeited statutory error in footnote five of its opinion. However, the relied-on phrase from MCL 769.34(10) “that is within the appropriate guidelines sentence range . ...” is part of the longer phrase, “or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range . . . .” (Emphasis added.) In its interpretation of the statute, the majority fails to recognize the effect of the disjunctive phrasing of the language in question. As previously explained by this Court in Beauregard-Bezou v Pierce, 194 Mich App 388, 393; 487 NW2d 792 (1992):
The primary rule of statutory interpretation is to ascertain and give effect to legislative intent. . . . Where the use of the disjunctive “or” creates ambiguity in a statute, the *285 language of the statute must be construed to give effect to the Legislature’s intent, and the words of the statute must be construed in light of the general purpose sought to be accomplished by the Legislature. . . .
The terms “and” and “or” are often misused in drafting statutes, and inappropriate use of these words has infected statutory enactments. . . . However, the literal meaning of “or” should be followed unless it renders the statute dubious. . . .
Black’s Law Dictionary (6th ed) defines “or” as: “A disjunctive particle used to express an alternative or to give a choice of one among two or more things.”
See also People v Pfaffle, 246 Mich App 282, 297; 632 NW2d 162 (2001); Caldwell v Chapman, 240 Mich App 124, 131; 610 NW2d 264 (2000); People v Nickerson, 227 Mich App 434, 439; 575 NW2d 804 (1998).
In the instant case, the statutory language is clear. There are two disjunctive phrases — “challenging the scoring of the sentencing guidelines” and “challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range” — that establish two distinct and separate situations to which the statute applies. Only the former circumstances apply herein, where defendant is “challenging the scoring of the sentencing guidelines . . . .” The majority’s interpretation of the statute, which transposes the phrase “within the appropriate guidelines” on to the unrelated phrase regarding guidelines scoring, skews the meaning of the statute.
In the present case, the alleged scoring error issue has been forfeited because defendant failed to “raise [] the issue at sentencing, in a proper motion for resen-tencing, or in a proper motion to remand filed in the *286 court of appeals.”[2] MCL 769.34(10). See also MCR 6.429(C), and McGuffey, supra.
Defendant’s reliance in his supplemental authority on Glover v United States, 531 US 198; 121 S Ct 696; 148 L Ed 2d 604 (2001), is also misplaced. In Glover, the United States Supreme Court held that in evaluating a claim of ineffective assistance of counsel, a defense attorney’s failure to argue the proper sentencing guidelines scoring may satisfy the prejudice prong of Strickland v Washington, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). However, the Supreme Court remanded the case to the trial court for a ruling on the second prong of Strickland-, whether the performance of the defendant’s counsel fell below a reasonable standard of competence. In the present case, defendant has not raised the issue of ineffective assistance of counsel. Accordingly, Glover is not applicable.
I would affirm defendant’s convictions and sentences. I respectfully dissent in regard to the remand for resentencing. Defendant’s sentence of thirty to seventy years is valid under the statutory sentencing guidelines, Hegwood, supra, and should be affirmed.

 Unlike in McGuffey, in the present case there is no conflict between the statute and court rule. Defendant has forfeited the scoring issue under both the statute and the court rule.

 In the lower court, defense counsel conceded the applicability of ov 16. The sole objection raised related to the value of the property.