657 N.W.2d 120 (2003)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
John Jilts McGUFFEY, III, Defendant-Appellant.
Docket No. 121866, COA No. 227957.
Supreme Court of Michigan.
March 5, 2003.
On order of the Court, the application for leave to appeal from the April 30, 2002 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The motions for immediate consideration are GRANTED. The motions for peremptory reversal and bond pending appeal are DENIED as moot.
YOUNG, Jr., J., dissents and states as follows:
The question posed by this appeal is whether a conflict between MCR 6.429(C), which generally precludes a party from raising on appeal certain sentencing issues unless they were raised at or before sentencing, and M.C.L. § 769.34(10), which allows such issues to be raised for the first time on appeal, must be resolved in favor of the court rule or the statute.
The Court of Appeals panel held that the court rule prevailed over the statute. The panel so concluded because it "believe[d] that the issue of when a guidelines scoring issue must be brought to the trial court's attention falls squarely within the `practice and procedure' aspect of our legal system." 251 Mich.App. 155, 164, 649 N.W.2d 801 (2002). However, the panel did not explain in other than conclusory terms its analysis under McDougall v. Schanz, 461 Mich. 15, 597 N.W.2d 148 (1999).
McDougall requires a court, in addressing a conflict between a court rule and a statute, to determine whether the statute constitutes a legislatively declared principle of public policy having as its basis something other than court administration. At the time it enacted M.C.L. § 769.34(10), the Legislature had before it the more restrictive court rule. Notwithstanding, the Legislature chose to broaden a party's right to challenge guidelines computations beyond those allowed under the court rule. It is not beyond question that the Legislature, in addressing the concept of issue forfeiture and expanding appellate rights within the legislative guidelines scheme, had in mind policy considerations other than simple judicial economy. Thus, I would direct the Court of Appeals on remand *121 to consider whether any clear legislative policy reflecting considerations other than dispatch of litigation can be identified with respect to the Legislature's choice to provide additional opportunities for appellate relief under the legislative sentencing guidelines.