# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANDREW MARKIST STEWART, JR.,

        Defendant-Appellant.

UNPUBLISHED
December 20, 2016

No. 328659
Wayne Circuit Court
LC No. 15-000139-02-FH

Before: SAAD, P.J., and METER and MURRAY, JJ.

PER CURIAM.

A jury convicted defendant of being a felon in possession of a firearm, MCL 750.224f; and possession of a firearm during the commission of a felony, MCL 750.227b. The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to one to five years' imprisonment for the felon-in-possession conviction, and a consecutive two-year term of imprisonment for the felony-firearm conviction. Defendant appeals as of right. We affirm.

The jury convicted defendant of knowingly possessing a firearm inside a Detroit house on December 20, 2014. Several days earlier, the police received an anonymous complaint that drugs were being sold from an apparently vacant house on Lenox Street in Detroit. After conducting surveillance of the building, the police obtained a search warrant, which they executed on December 20. No one responded when the police initially knocked and announced their presence, so the police used a wedge and a ram to breach the locked front door to gain entry. Upon entering the first bedroom, officers discovered defendant sitting on the edge of a bed with his hands already raised in the air. It is undisputed that defendant was not a target of the warrant. An officer ordered defendant to the floor and, when defendant moved, the officer saw a .380 caliber Bersa semi-automatic handgun in the spot where defendant had been sitting. The bedroom contained a television and a video game powered by an illegal electrical connection, and old and tattered clothing and trash were strewn about. An officer opined that the clothing did not appear to belong to defendant. In a second bedroom, the police found a codefendant, Darius Miles,[1] attempting to hide behind the door, and packets of drugs near him on

---

[1] Codefendant Miles was charged with two counts of possession with intent to deliver less than 50 grams of a controlled substance, MCL 333.7401(2)(a)(*iv*).

-1-

the floor. No identifiable fingerprints were obtained from the firearm. The defense theory at trial was that defendant never possessed the firearm and was merely present in the house.

## I. EFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues that he was denied the effective assistance of counsel at trial. Because defendant did not raise a claim of ineffective assistance in the trial court, our review of this issue is limited to mistakes apparent on the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id*. "A defendant must meet a heavy burden to overcome the presumption that counsel employed effective trial strategy." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

## A. FAILURE TO SEEK EXCLUSION OF ANY DRUG-RELATED TESTIMONY

Defendant primarily argues that because the prosecution did not connect him to the drugs seized from the house, or charge him with possession of a controlled substance as a result of the police raid on December 20, 2014, any testimony relating to the drugs or the purpose of the search, including the anonymous complaint, the surveillance of the house, the police officers' observations and opinions, and the recovered narcotics, was entirely irrelevant and unduly prejudicial under MRE 401 and 403. Therefore, defendant argues, defense counsel was ineffective for failing to seek exclusion of this evidence and testimony. We disagree.

Generally, all relevant evidence is admissible unless otherwise prohibited by the rules of evidence or the state or federal constitutions. MRE 402; *People v Yost*, 278 Mich App 341, 355; 749 NW2d 753 (2008). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. "A trial court admits relevant evidence to provide the trier of fact with as much useful information as possible." *People v Cameron*, 291 Mich App 599, 612; 806 NW2d 371 (2011). Even if relevant, however, evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." MRE 403.

Contrary to what defendant suggests, the challenged evidence was not presented to "paint[] [defendant] as an armed drug lord," but rather for its relevancy to the charged weapons offenses. While defendant highlights the repeated mention of drugs and the use of the building as a drug house, he ignores the context in which the testimony was elicited and its relationship to the complete picture that the prosecution was trying to provide for the jury. The testimony regarding the anonymous complaint and the police surveillance of the house was relevant to explain why the police officers raided the house, which in turn led to the discovery of defendant. The testimony that the officers announced their presence, that no one answered, and that the police had to use a ram to forcibly enter the house was relevant to the credibility of the police witnesses and the development of the prosecutor's theory that defendant likely heard the police at the door and sat on the gun to hide it. There was testimony that the house was vacant,

dilapidated, and without running water or a functioning bathroom; containers of urine and feces were found inside the house, the electricity had been illegally connected, and windows were boarded up on the side and back. The police officers' testimony that, based on their experience and observations, the building appeared to be a "drug house," offered in conjunction with their testimony that it was common to find both drugs and firearms in such a house, was relevant to develop the prosecution's theory that defendant, who was in the house sitting on the gun, constructively or knowingly possessed it. See *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011). Stated differently, the testimony that defendant was sitting on a gun inside a drug house, where drugs and guns are commonly found, made it more probable than not that defendant knew the firearm's location and had control of it. Without the challenged evidence, the jury would have received a fragmented depiction of what occurred, and it might have appeared unfounded that the police simply happened upon defendant sitting on a gun in a vacant house. Thus, the challenged testimony was relevant, given its tendency to allow the jury to see and understand the complete picture, and to thereby assist it in its evaluation of witness credibility and the issues before it.

Further, the testimony was not unduly prejudicial under MRE 403. Evidence may be excluded under MRE 403 if its probative value is substantially outweighed by the danger of unfair prejudice. *Cameron*, 291 Mich App at 610. MRE 403 is not intended to exclude "damaging" evidence, because any relevant evidence will be damaging to some extent. *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995). Instead, under the balancing test of MRE 403, this Court must first decide if the evidence was unfairly prejudicial, and then weigh the probative value or relevance of the evidence against the unfair prejudice to determine whether any prejudicial effect substantially outweighed the probative value of the evidence. *Cameron*, 291 Mich App 611. Unfair prejudice exists where there is a danger that marginally probative evidence will be given undue weight by the jury or it would be inequitable to allow the proponent of the evidence to use it. *Mills*, 450 Mich at 75-76; *People v McGuffey*, 251 Mich App 155, 163; 649 NW2d 801 (2002). Unfair prejudice can refer "to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *Cameron*, 291 Mich App 611 (citations and quotation marks omitted). We are not persuaded that the jury was unable to rationally weigh the evidence. Indeed, it was noted during trial that defendant had not been seen at the house before the day in question and was not a target of the search warrant. Moreover, the prosecutor told the jury that the sole issue in the case was whether defendant possessed the weapon. Any prejudicial effect did not substantially outweigh the probative value of the evidence.

In sum, because the challenged evidence was relevant, MRE 401, and not unduly prejudicial, MRE 403, it was admissible. Accordingly, defendant cannot establish that defense counsel was ineffective for failing to move to exclude this evidence. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

## B. FAILURE TO SEEK A STIPULATION

Defendant makes a related cursory complaint that defense counsel should have stipulated that the police had probable cause to enter the house, and thereby avoid any testimony regarding

why they were there and any conclusions that it was a drug house. Defendant has provided nothing of record indicating that the prosecution would have been willing to agree to such a stipulation. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998).[2] Moreover, as previously explained, the reasons for the police presence and their entry into the house, and the officers' opinions that the activity at the house and the house's condition were consistent with a drug house, were probative of whether defendant knowingly possessed the gun that he had been sitting on. Thus, it is not reasonably probable that the prosecution would have agreed to such a stipulation, and to thereby leave the jury with a fragmented and misleading depiction of what occurred. Consequently, defendant's claim of ineffective assistance of counsel on this ground fails.

### C. FAILURE TO OBJECT TO TESTIMONY ABOUT TYPE OF DRUGS

Defendant also fails to demonstrate that defense counsel was ineffective for failing to object to the police testimony that the substances found in the second bedroom were actually cocaine and heroin. As defendant observes, there was no supportive expert testimony and no laboratory report entered in evidence. However, at a joint preliminary examination, codefendant Miles's attorney and the prosecutor stipulated that "the confiscation of Officer Clark was one sandwich bag containing 22 paper packages containing heroin; one sandwich bag containing three ziplocks containing cocaine which tested positive for the presence of heroin, at six grams as packaged; positive for the presence of cocaine at 1.3 grams as packaged." The prosecutor went on to explain that the relevant tests had been conducted on December 20, 2014, and that the stipulation was for "exam purposes only," but the existence of the stipulation and exchange at the preliminary examination nevertheless indicates that defense counsel had no factual basis to raise the challenge defendant now claims he should have raised and that any such challenge would not, ultimately, have affected the outcome of the trial. Reversal is not warranted.

### D. FAILURE TO OBJECT TO THE PROSECUTOR'S REMARK IN CLOSING ARGUMENT

Defendant argues that defense counsel was ineffective for failing to object to the prosecutor's allegedly inflammatory remark during closing argument that the house was "a drug house . . . ." As discussed in section II(B), *infra*, the prosecutor's remark was not improper. Therefore, defense counsel's failure to object was not objectively unreasonable.

### E. FAILURE TO OBJECT TO THE INCORRECT DENOMINATIONS OF MONEY

Lastly, defendant complains that defense counsel failed to object to "the mistake made as to the denomination of money that [defendant] had." As defendant observes, at the preliminary

---

[2] Defendant also implies that the search warrant was based on insufficient evidence and invalid, but has not supported this implication with any citations to authority. He also appears to be claiming that counsel should have objected to certain "speculative" testimony by a police officer, but we conclude that this testimony did not affect the outcome of the case. See note 3, *infra*.

examination, an officer testified that defendant possessed $115, in denominations of "one $100 bill; one $5 bill, and ten $1 bills. At trial, during the same officer's testimony, the following exchange occurred:

*Q*. Do you find anything else on him?

\* \* \*

*A*. 115 dollars US currency.

\* \* \*

*Q*. Do you recall the denominations of the 115 dollars?

*A*. *11 hundreds* and 1 five dollar and 10 five dollar bills. [Emphasis added.]

Given the clear inconsistency between the last response and the officer's prior testimony that defendant possessed $115, it is uncertain whether the officer misspoke or there was an error in transcription by the court reporter. Even if the officer misspoke, and defense counsel should have objected, defendant fails to explain how the misstatement could have reasonably affected the outcome of the proceedings. Absent a demonstration of prejudice, defense counsel cannot establish this claim of ineffective assistance.

## II. PROSECUTORIAL MISCONDUCT

Defendant also argues that he is entitled to a new trial because of the prosecutor's conduct. We disagree. As defendant acknowledges, he did not object to the prosecutor's conduct at trial. Therefore, we review this unpreserved claim for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

### A. ELICITATION OF DRUG-RELATED TESTIMONY

Defendant makes a general argument that the prosecutor engaged in misconduct by eliciting the previously discussed drug-related testimony, which he again argues was irrelevant and unduly prejudicial. When a defendant's prosecutorial misconduct argument is "essentially an evidentiary issue framed as prosecutorial misconduct," this Court determines whether the prosecutor acted in good faith. See *People v Dobek*, 274 Mich App 58, 70-71; 732 NW2d 546 (2007). "A prosecutor's good-faith effort to admit relevant evidence does not constitute misconduct." *Id.* at 70. Defendant asserts that the prosecutor repeatedly elicited inadmissible testimony about the drug activity at the house, which police officers opined was a "drug house." The challenged evidence was relevant, MRE 401, and not unduly prejudicial, MRE 403. Because the evidence was relevant and assisted the trier of fact in evaluating the credibility of the witnesses and the issues before it, and given the stipulation and information about the testing for drugs at the preliminary examination, no basis exists to conclude that the prosecutor offered the evidence in bad faith.

## B. THE PROSECUTOR'S CLOSING ARGUMENT

Defendant argues that the prosecutor improperly remarked during closing argument that "[t]his is a drug house . . . ." Defendant asserts that this remark was improper because there was no laboratory report or other evidence that the substances found in the house were illegal, and it was inflammatory.

As defendant correctly observes, a prosecutor may not intentionally inject potentially inflammatory references with no apparent justification, except to arouse prejudice. See *People v Bahoda*, 448 Mich 261, 266; 531 NW2d 659 (1995). Here, given the evidence presented during trial, the prosecutor's use of the term "drug house" was not unfounded or inflammatory. Further, as previously explained, the prosecutor elicited the "drug house" evidence in the context of giving the jury a complete picture of the situation.

Prosecutors have great latitude when arguing at trial. *People v Fyda*, 288 Mich App 446, 461; 793 NW2d 712 (2010). In arguing this claim, defendant ignores that prosecutors may argue the evidence and all reasonable inferences that arise from the evidence as they relate to their theory of the case, and they need not state their inferences in the blandest possible language. *Bahoda*, 448 Mich at 282; *Dobek*, 274 Mich App at 66. After reviewing the record, including the remark cited by defendant, we conclude that the remark was part of a permissible argument that was focused on presenting the prosecutor's theory of the case, based on the evidence and reasonable inferences arising from it. Therefore, the remark, viewed in context, was not improper.

## C. ATTEMPT TO UNETHICALLY LINK DEFENDANT TO THE DRUGS

Defendant also argues that the prosecutor "unethically tied" him to the drugs found in the house, despite the evidence that he was not described in the search warrant or charged with possessing drugs. The record simply does not support this claim. During the prosecution's case-in-chief, the prosecutor elicited from police witnesses that defendant was not observed during the surveillance, was not a target of the warrant, and was not in close proximity to the drugs found in the house. The jury was aware that defendant was not charged with any drug offense. In his opening statement, the prosecutor told the jury that the "only issue in this case" was whether defendant possessed the firearm. In closing argument, the prosecutor stated:

> And I told you that the sole issue in this case was going to be possession [of the firearm]. And we're going to talk to you a little bit more about that and you will hear about what the law says from Judge Strong.

> * * *

> And you have [defendant] in the bedroom sitting on top of the gun. Again, this case is all about possession. I anticipate that . . . the defense attorney is going to come up here and tell you he wasn't in possession of it.

In sum, although defendant disagrees with the relevancy of any evidence that he was in a drug house at the time of his arrest, he has not shown that the prosecutor engaged in misconduct

by using admitted evidence to provide the jury with a complete picture of the situation. Nothing about the prosecutor's questions or remarks suggest that he was deliberately attempting to inflame the jury, rather than to present a pertinent part of his case. Defendant has failed to show any plain error affecting his substantial rights.[3]

Affirmed.

/s/ Henry William Saad
/s/ Patrick M. Meter
/s/ Christopher M. Murray

---

[3] Defendant briefly claims that the prosecutor "encouraged" an officer to speculate about what two individuals were doing on the porch of the house during the surveillance observation. First, defendant has not cited to a portion of the record where any such "encouragement" occurred. In addition, we cannot conclude that the officer's trial testimony about a "possible shift change for the sellers" had any effect on the outcome of this case.