*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

SEAN ANTONE BELL,

       Defendant-Appellant.

UNPUBLISHED
March 21, 2024

No. 367744
Wayne Circuit Court
LC No. 21-003703-01-FH

Before: GADOLA, C.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

In this interlocutory appeal, defendant appeals by leave granted[1] the trial court's order denying his motion to exclude evidence to be offered in his pending trial for fourth-degree criminal sexual conduct. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises from an incident where defendant Sean Antone Bell, a Detroit Police Department officer, allegedly touched a female coworker's breast while at work. In May 2019, defendant and the complainant, a fellow police officer, were on duty together in a police cruiser when defendant, without consent, "reached over and started to caress the front of [her] chest." The incident made the complainant "feel very uncomfortable," and she was "very upset and afraid to say anything" afterward. Defendant was the complainant's field training officer, and the incident occurred on her second day of working with defendant.

Defendant was eventually charged with one count of fourth-degree criminal sexual conduct, MCL 750.520e(1)(b) (force or coercion used to accomplish the sexual act). In March 2023, defendant moved to exclude evidence in the form of testimony from another Detroit Police Department officer, Courtney Stinson, who would testify that defendant made sexual comments

---

[1] *People v Bell*, unpublished order of the Court of Appeals, entered October 16, 2023 (Docket No. 367744).

to her in March 2018. The motion did not describe the comments Stinson would testify to. Defendant argued that Stinson's testimony was irrelevant and that any probative value would be outweighed by the danger of unfair prejudice. In response, the prosecution argued that Stinson's statements would be admissible under MRE 404(b) in order to prove "motive, an opportunity, [and] an absence of mistake or accident."

The trial court denied defendant's motion and concluded that Stinson's testimony would be relevant, would not be unfairly prejudicial, and "would fall under [MRE] 404(b)." Defendant subsequently appealed to this Court and argued that Stinson's testimony was irrelevant under MRE 402 and unfairly prejudicial under MRE 403. In July 2023, this Court remanded to the trial court in lieu of granting leave to appeal and instructed the trial court to "create a record providing the necessary context needed to understand what evidence the prosecutor seeks to admit." *People v Bell*, unpublished order of the Court of Appeals, entered July 13, 2023 (Docket No. 365795). This Court then instructed that "[a]fter a record is made, the trial court shall then reconsider defendant's motion in limine." *Id*.

During the evidentiary hearing on remand, Stinson testified that in February 2018, she began a field training officer program with defendant as her field training officer. Stinson stated that during her training with defendant, he "would comment on women's behinds in my presence" and would comment on "whether they were real or not, if [] they were enhanced." Defendant also remarked to Stinson that he could "tell if a woman was wearing panties or not" and referred to himself as a "booty-ologist." Defendant made these comments to Stinson "more than once" and "over a span of time" during her training. Stinson testified that defendant never touched her or attempted to touch her.

Ultimately, the trial court concluded that the evidence showed that defendant had opportunity, demonstrated defendant's scheme or plan, and demonstrated an absence of mistake. Thus, the court found the evidence of defendant's comments to Stinson was relevant and that its probative value was not substantially outweighed by the danger of unfair prejudice. The same day, the trial court entered an order denying defendant's motion. Defendant subsequently sought leave to appeal with this Court, which was granted, and this appeal followed. *People v Bell*, unpublished order of the Court of Appeals, entered October 16, 2023 (Docket No. 367744).

## III. ADMISSIBILITY OF STINSON'S STATEMENTS

Defendant argues the trial court abused its discretion when it denied his motion to exclude evidence of Stinson's testimony because her statements were inadmissible under MRE 404(b), were not relevant, and were unfairly prejudicial. We disagree.

## A. STANDARDS OF REVIEW

We "review[] for an abuse of discretion the trial court's decision to admit or exclude evidence." *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014). "The trial court abuses its discretion when its decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law." *Id*. We "review de novo the preliminary questions of law surrounding the admission of evidence." *Id*.

## B. MRE 404

Under MRE 402, except as otherwise provided, "[r]elevant evidence is admissible" at trial. Conversely, "[e]vidence which is not relevant is not admissible." MRE 402.[2] MRE 401 defines "relevant evidence" as evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, MRE 404(b)(1) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." There are several exceptions to this general rule. Evidence generally inadmissible as character evidence may be admissible for other purposes "such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake, or accident." MRE 404(b)(1). "Where the only relevance of the proposed evidence is to show the defendant's character or the defendant's propensity to commit the crime, the evidence must be excluded." *People v Knox*, 469 Mich 502, 510; 674 NW2d 366 (2004).

In this case, the parties and the trial court spent considerable time discussing the admissibility of Stinson's statements under MRE 404(b). In our view, however, MRE 404(b) is not relevant to the analysis of whether Stinson's testimony regarding defendant's statements are admissible. This is because the Michigan Supreme Court has made clear that a prior statement or general intent, itself, is not a "prior act" for purposes of MRE 404(b). *People v Goddard*, 429 Mich 505, 518-523; 418 NW2d 881 (1988). Because the statements that would be the subject of Stinson's testimony came from defendant, such statements would be admissible as a statement of a party opponent under MRE 801(d)(2)(A). The pertinent question becomes, therefore, whether the statements were relevant, see MRE 401, and whether the probative value was substantially outweighed by unfair prejudice. See MRE 403.

## C. RELEVANCE AND PREJUDICE

As noted above, MRE 402 provides that, except as otherwise provided, "[r]elevant evidence is admissible" at trial. Conversely, "[e]vidence which is not relevant is not admissible." MRE 402. Relevant evidence is evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. However, a court may exclude relevant evidence where the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. "Unfair prejudice occurs where either a probability exists that evidence which is minimally damaging in logic will be weighed by the jurors substantially out of proportion to its logically damaging effect, or it would be inequitable to allow the proponent of the evidence to use it." *People v McGuffey*, 251 Mich App 155, 163; 649 NW2d 801 (2002) (quotation marks and citation omitted).

---

[2] The Michigan Rules of Evidence were substantially amended on September 20, 2023, effective January 1, 2024. We rely on the version of the rules of evidence in effect at the time this matter was decided.

Here, Stinson's proposed testimony consists of statements defendant made, stating defendant "would comment on women's behinds in my presence" and would comment on "whether they were real or not, if [] they were enhanced." Defendant also remarked to Stinson that he could "tell if a woman was wearing panties or not" and referred to himself as a "booty-ologist." Although Stinson stated that defendant did not inappropriately touch her, the subject of the conduct in this case, we conclude that Stinson's testimony was nevertheless relevant because the fact that defendant regularly commented on women's anatomy and referred to himself as a "booty-ologist" makes the alleged fact that defendant touched his coworker's breast more probable than it would without her testimony. In other words, Stinson's testimony tends to show that defendant objectifies women—particularly their anatomy—which is relevant in a criminal trial in which he is accused of inappropriately touching another woman's breast. Therefore, we agree with the trial court that Stinson's testimony is relevant under MRE 402.

Likewise, we agree with the trial court that the potential testimony would not be unfairly prejudicial. Unfair prejudice exists when "there is a danger that the evidence will be given undue or preemptive weight by the jury or where it would be inequitable to allow use of the evidence." *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008). Statements are not unfairly prejudicial simply because they are damaging to the defendant. See *People v Schaw*, 288 Mich App 231, 237; 791 NW2d 743 (2010) (stating that "[a] party's case is always damaged by evidence that the facts are contrary to his contentions . . . .") (quotation marks and citation omitted). Here, we conclude that the admission of Stinson's testimony would not be unfairly prejudicial to defendant. The statements show that defendant had a pattern of conduct of objectifying women and treating them as objects, with particular attention to their breasts and buttocks. This conduct is not merely "marginally probative," see *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998), and demonstrates, if believed, that defendant treated women, including his coworkers, in an inappropriate manner. Accordingly, we agree that Stinson's testimony would be relevant and would not be unfairly prejudicial.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray