*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

HAROLD VINCENT WILLIAMS,

Defendant-Appellant.

UNPUBLISHED
September 12, 2019

No. 340358
Macomb Circuit Court
LC No. 2016-003915-FH

Before: JANSEN, P.J., and CAMERON and TUKEL, JJ.

PER CURIAM.

Defendant, a high school teacher, appeals as of right his jury trial conviction of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(e)(*i*), for engaging in sexual penetration with a student under the age of 18. The trial court sentenced defendant to 20 months to 15 years' imprisonment. We affirm.

The jury found that defendant, a 43-year-old teacher at a public high school, engaged in sexual penetration with a 17-year-old female student at school. The prosecution presented evidence that after the police were notified that defendant may be having an inappropriate relationship with a student, an investigation led the police to the victim. The victim was originally from Bangladesh, and had been in the United States for two years. She had been a student at the school where defendant taught, and was part of the school's Pharmacy Tech Program, which defendant ran. The victim turned 18 years old in March 2016, and graduated from high school at the end of the 2015-2016 school year.

When the police went to defendant's apartment in September 2016, the victim was there. She claimed to be in a relationship with defendant at that time, but was reluctant to speak with the police about defendant. She told the police that she and defendant kissed in February 2016, but denied having sex with defendant until after she turned 18 years old. Later, however, the victim disclosed to detectives that she and defendant first had sexual intercourse on March 1, 2016, when she was still only 17 years old. At defendant's preliminary examination, the victim testified that she and defendant kissed in February 2016, and had sexual intercourse in his classroom after school on March 1, 2016, or near the end of February 2016. The victim further

-1-

testified that defendant told her that he was not permitted to have sex with her because she was his student and only 17 years old, and he cautioned her "not to tell anyone."

The victim later recanted, claiming that although she and defendant had sexual intercourse, it did not occur until after she turned 18 years old. At trial, evidence was presented that after the preliminary examination, defendant and the victim had numerous communications in violation of a no-contact order. The prosecutor argued that the victim recanted because of influence from defendant and members of his family. The victim acknowledged her preliminary examination testimony at trial, but testified that she was mistaken about the date, and she repeatedly asserted that she and defendant did not engage in sexual intercourse until after she turned 18 years old. The defense argued that defendant was not guilty of any crime because the victim was 18 years old when he engaged in consensual sexual intercourse with the victim. The defense denied that the victim recanted because of any improper influence, and pointed out that it was the victim who initiated approximately 80 percent of the contacts between her and defendant.

## I. OTHER-ACTS EVIDENCE

In his first claim, defendant challenges the trial court's decision to allow the prosecutor to present evidence that defendant had sexual contact with another former student, identified as 18-year-old "Brittany."[1] We disagree.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *People v Lewis*, 302 Mich App 338, 341; 839 NW2d 37 (2013). "Preliminary questions of law, such as whether a rule of evidence or statute precludes the admission of particular evidence, are reviewed de novo[.]" *Bynum*, 496 Mich at 623.

"At its essence, MRE 404(b) is a rule of inclusion, allowing relevant other acts evidence as long as it is not being admitted solely to demonstrate criminal propensity." *People v Martzke*, 251 Mich App 282, 289; 651 NW2d 490 (2002); see also *People v Mardlin*, 487 Mich 609, 615; 790 NW2d 607 (2010). Although MRE 404(b)(1) prohibits " '[e]vidence of other crimes, wrongs, or acts' " to prove a defendant's character or propensity to commit the charged crime, it permits such evidence for other purposes, " 'such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material.' " *People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004), quoting MRE 404(b). Other-acts evidence is admissible under MRE 404(b)(1) if it is (1) offered for a proper purpose, i.e., one other than to prove the defendant's character or propensity to commit the crime, (2) relevant to an issue or fact of consequence at trial, MRE 401, (3) sufficiently probative to outweigh the danger of unfair prejudice, under MRE 403, and (4) a limiting instruction may be provided to the jury upon request. *People v Starr*, 457 Mich 490,

---

[1] A fictitious name was used to refer to the student to protect her anonymity.

496-497; 577 NW2d 673 (1998); *People v VanderVliet*, 444 Mich 52, 55, 63-64, 74-75; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994).

"A trial court admits relevant evidence to provide the trier of fact with as much useful information as possible." *People v Cameron*, 291 Mich App 599, 612; 806 NW2d 371 (2011). In *People v Sabin (After Remand)*, 463 Mich 43, 63; 614 NW2d 888 (2000), our Supreme Court explained that "evidence of similar misconduct is logically relevant to show that the charged act occurred where the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system." See also *People v Hine*, 467 Mich 242, 251; 650 NW2d 659 (2002) (the evidence "supported the trial court's conclusion that there was a common plan, scheme, or system in the defendant's assaults on the women and on the child."). The *Sabin* Court noted that "[g]eneral similarity between the charged and uncharged acts does not, however, by itself, establish a plan, scheme, or system used to commit the acts." *Sabin*, 463 Mich at 64. "For other acts evidence to be admissible there must be such a concurrence of common features that the uncharged and charged acts are naturally explained as individual manifestations of a general plan." *Hine*, 467 Mich at 251; see also *Sabin*, 463 Mich at 64-65. But "distinctive and unusual features are not required to establish the existence of a common design or plan. The evidence of uncharged acts needs only to support the inference that the defendant employed the common plan in committing the charged offense." *Hine*, 467 Mich at 252-253; see also *Sabin*, 463 Mich at 65-66.

We agree that the challenged evidence was probative of defendant's common scheme, plan, or system of preying on similarly situated young Bengali females whom he met in his classroom, had authority over in the Pharmacy Tech Program, and who, because of their culture, were less likely to disclose sexual contact with him. See *Sabin*, 463 Mich at 63. The commonality of the circumstances of the other-acts evidence and the charged crimes were sufficiently similar to establish a scheme, plan, or system in doing an act. *Id*. In both the other act and the charged crime, defendant, a teacher, targeted a female student who had immigrated to the United States from Bangladesh only recently before attending high school. Both students had family issues, a lack of family support, were underprivileged, and were from a culture where females want to maintain privacy or secrecy about any sexual contact, and are less likely to disclose any inappropriate sexual acts for fear of familial repercussions. Defendant developed friendships with these young Bengali females outside the classroom, had inappropriate exchanges with them, used his position to provide internship opportunities for them, led them to believe that he had deep feelings for them, and had sexual contact with them. The commonality of the circumstances of the other-acts evidence and the charged offense are sufficiently similar that the jury could infer that defendant had a system that involved targeting these young, compliant, immigrant females, who were his students, grooming them, and engaging in sexual contact with them. *Id*.

Further, we are not persuaded that the evidence should have been excluded because it was unduly prejudicial. Under MRE 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *Cameron*, 291 Mich App at 610. MRE 403 is not, however, intended to exclude " 'damaging' " evidence, because any relevant evidence will be damaging to some extent. *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995) (citation omitted). Instead, under the balancing test of MRE 403, a court must first decide if the prior bad-acts evidence was unfairly prejudicial, and

-3-

then " 'weigh the probativeness or relevance of the evidence' against the unfair prejudice" to determine whether any prejudicial effect substantially outweighed the probative value of the evidence. *Cameron*, 291 Mich App 611 (citation omitted). Unfair prejudice exists where there is " 'a danger that marginally probative evidence will be given undue or pre-emptive weight by the jury' " or " 'it would be inequitable to allow the proponent of the evidence to use it.' " *Mills*, 450 Mich at 75-76 (citation omitted); *People v McGuffey*, 251 Mich App 155, 163; 649 NW2d 801 (2002). In the second situation, the unfair prejudice language "refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *Cameron*, 291 Mich App 611 (citation and quotation marks omitted).

We are not persuaded that the jury would have been unable to rationally weigh the evidence, and consider it for its proper purpose. The record discloses that the prosecutor focused on the proper purpose for which the evidence was admissible. Moreover, the trial court gave a cautionary instruction to the jury concerning the proper use of the evidence, thereby limiting any potential for unfair prejudice. It is well established that jurors are presumed to have followed their instructions. *People v Breidenbach*, 489 Mich 1, 13; 798 NW2d 738 (2011). Accordingly, there was no error in allowing the other-acts evidence.

## II. SCORING OF OFFENSE VARIABLE 10

Defendant also argues that the trial court erroneously scored offense variable (OV) 10 of the sentencing guidelines. Again, we disagree.

When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

OV 10 addresses exploitation of a vulnerable victim, and the trial court must score 15 points if "[p]redatory conduct was involved." MCL 777.40(1)(a). " 'Predatory conduct' means preoffense conduct directed at a victim . . . for the primary purpose of victimization." MCL 777.40(3)(a). Predatory conduct encompasses "only those forms of 'preoffense conduct' that are commonly understood as being 'predatory' in nature . . . as opposed to purely opportunistic criminal conduct or 'preoffense conduct involving nothing more than run-of-the-mill planning to effect a crime or subsequent escape without detection.' " *People v Huston*, 489 Mich 451, 462; 802 NW2d 261 (2011) (citation omitted). In order to find that a defendant engaged in predatory conduct, a trial court must conclude that (1) the defendant engaged in preoffense conduct, (2) the defendant directed that conduct toward "one or more specific victims who suffered from a readily apparent susceptibility to injury, physical restraint, persuasion, or temptation[,]" and (3) the defendant's primary purpose in engaging in the preoffense conduct was victimization. *People v Cannon*, 481 Mich 152, 161-162; 749 NW2d 257 (2008).

We conclude that it is unnecessary to determine if there was sufficient evidence of "predatory conduct" to support the 15-point score for OV 10. The trial court must score 10 points for OV 10 if "the offender abused his or her authority status." MCL 777.40(1)(b). "

'Abuse of authority status' means a victim was exploited out of fear or deference to an authority figure, including, but not limited to, a parent, physician, or teacher." MCL 777.40(2)(d). Exploitation of a vulnerable victim "means to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b).

In this case, defendant was the victim's teacher, and ran the Pharmacy Tech Program in which the victim was enrolled. At a minimum, the evidence indicated that defendant exploited his status as a teacher, and targeted this immigrant student, whom he knew had serious family, cultural, and other vulnerabilities, to manipulate her for sexual activity which he knew she would not want to disclose. Given the evidence at trial, including the expert testimony about a teenage victim's compliance to an authority figure, the victim's passive acquiescence to defendant evidences her willingness to defer to defendant's authority. This evidence supported, at a minimum, a 10-point score for OV 10. Defendant received a total OV score of 15 points, placing him in OV Level II (10 to 24 points). MCL 777.63. A score of only 10 points, rather than 15 points, for OV 10 would not change defendant's placement in OV Level II. Because any scoring error would not affect defendant's sentencing guidelines range, defendant is not entitled to resentencing. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). Consequently, defendant is not entitled to any relief with respect to this issue.

Affirmed.

/s/ Kathleen Jansen
/s/ Thomas C. Cameron
/s/ Jonathan Tukel